[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY
Plaintiff-appellee, Thomas L. Cuni, filed a suit seeking specific performance of an option contract he had entered into with defendant-appellant, Esther M. Simpson. The trial court held that Cuni was entitled to specific performance of the contract as a matter of law and granted summary judgment in his favor. Simpson has filed a timely appeal from that judgment. In her sole assignment of error, she contends that genuine issues of material fact exist as to whether the parties had a meeting of the minds as to all material elements of the contract. We find no merit in this assignment of error.
An option for the purchase of real property may be specifically enforced if the buyer gives notice of his or her intention to exercise the option and the vendor refuses to comply. A party seeking specific performance of a contract must establish, among other things, that a valid, enforceable contract exists. Bahner's Auto Parts v. Bahner (July 23, 1998), Scioto App. No. 97 CA 2538, unreported; Rossman Co. v. Donaldson (Dec. 6, 1994), Franklin App. Nos. 94APE03-388, 94APE03-389 and 94APE05-695, unreported.
A meeting of the minds is an essential element of a valid contract. Episcopal Retirement Homes, Inc. v. Ohio Dept. ofIndus. Rel. (1991), 61 Ohio St.3d 366, 369, 575 N.E.2d 134, 137;Parklawn Manor, Inc. v. Jennings-Lawrence Co. (1962), 119 Ohio App. 151,156, 197 N.E.2d 390, 394. The parties' signatures to a contract create a rebuttable presumption that the parties had a meetings of minds on the terms of the contract as executed.Parklawn Manor, supra, at 156, 197 N.E.2d at 394.
 Ordinarily, one of full age in the possession of his faculties and able to read and write, who signs an instrument and remains acquiescent to its operative effect for some time, may not thereafter escape the consequences by urging that he did not read it or that he relied upon the representations of another as to its contents or significance. * * * "A person of ordinary mind cannot be heard to say that he was misled into signing a paper which was different from what he intended, when he could have known the truth by merely looking when he signed."
Kroeger v. Brody (1936), 130 Ohio St. 559, 566, 200 N.E. 826, 839, quoting McAdams v. McAdams (1909), 80 Ohio St. 232, 240,88 N.E. 542, 544.
In this case, Simpson signed the contract, which clearly stated that it was an "option agreement," in the presence of her attorney, two witnesses and a notary public. She also initialed it in eight different places. She had the opportunity to read the contract and to consult with counsel if she did not understand the contract terms, yet she never indicated she did not understand what she was doing. Simpson does not assert that she was unable to read or to comprehend the agreement. She is simply arguing that she had a different understanding of the legal consequences of signing it. This unilateral mistake, which could have been remedied by due diligence, and which was not the result of imposition by the other party, is not a sufficient basis to rescind the contract. See Ohio Univ. Bd. of Trustees v. Smith
(1999), 132 Ohio App.3d 211, 218-219, 724 N.E.2d 1155, 1160-1161;Campco Distributors, Inc. v. Fries (1987), 42 Ohio App.3d 200,203, 537 N.E.2d 661, 664; Newton v. Ohio Dept. of Mental Health
(Ct.Cl. 1997), 83 Ohio Misc.2d 67, 71-72, 679 N.E.2d 750, 753. Simpson's later reservations do not destroy her obligation to perform under a contract to which she manifested her assent. She failed to present evidence to overcome the presumption that her signature on the contract showed a meeting of the minds. See Fordv. Tandy Transportation, Inc. (1993), 86 Ohio App.3d 364, 380-381,620 N.E.2d 996, 1006-1007; Parklawn Manor, supra, at 156,197 N.E.2d at 394.
Simpson also argues that handwritten changes to the contract were made without her consent, even though she initialed the places where the changes were made. She contends that the changes were written in after she placed her initials on the contract. Cuni's evidence showed that Simpson's attorney made the handwritten changes to the contract. An attorney acting within the scope of his or her authority represents the client, and the attorney's acts or omissions are regarded as the acts of the client. GTE Automatic Electric, Inc. v. ARC Industries, Inc.
(1976), 47 Ohio St.2d 146, 152, 351 N.E.2d 113, 116-117; Brown v.Akron Beacon Journal Publishing Co. (1991), 81 Ohio App.3d 135,140-141, 610 N.E.2d 507, 510-511; Mosher v. Mut. Home SavingsAssn. (App. 1941), 35 Ohio Law Abs. 445, 41 N.E.2d 871, 874. The cases cited by Simpson regarding attorneys exceeding the scope of their authority are distinguishable because they involved documents signed by the attorney on behalf of the client. Here, Simpson signed the documents herself and initialed the changes. See Conti v. Donahue (Aug. 1, 1990), Mahoning App. No. 89 C.A. 97, unreported.
Once Cuni met his burden to present evidence showing an absence of material fact on the essential elements of Simpson's case, Simpson had a reciprocal burden to set forth specific facts showing that there was a genuine issue of material fact for trial. Dresher v.Burt (1996), 75 Ohio St.3d 280, 283, 662 N.E.2d 264, 274;Stinespring v. Natorp Garden Stores, Inc. (1998), 127 Ohio App.3d 213,215-216, 711 N.E.2d 1104, 1106. She did not present any evidentiary materials to meet that burden, such as the affidavit of her former attorney or of the witnesses to her signature on the contract.
After reviewing the record, we find no issues of material fact. Construing the evidence most strongly in Simpson's favor, we hold that reasonable minds can come to but one conclusion — that Cuni was entitled to specific performance of the option contract. Cuni was entitled to judgment as a matter of law, and, therefore, the trial court did not err in granting his motion for summary judgment. See Harless v. Willis Day Warehousing Co. (1978),54 Ohio St.2d 64, 66, 375 N.E.2d 46, 47; Stinespring, supra, at 215,711 N.E.2d at 1106. Accordingly, we overrule Simpson's sole assignment of error and affirm the judgment of the trial court.
 ______________________________ HILDEBRANDT, PRESIDING JUDGE
 DOAN and PAINTER, JJ.