## JACKSON v CINCINNATI GAS & ELECTRIC CO.

Ohio Appeals, 1st Dist, Hamilton Co.

No. 6012. Decided Nov. 17, 1941

Davies, Hoover & Beall, Cincinnati, for appellant.

August A. Rendigs, Jr., Cincinnati, and Robert F. Dreidame, Cincinnati, for appellee.

## OPINION

By ROSS, J.

Appeal on questions of law from a judgment of the Court of Common Pleas of Hamilton County. The trial court instructed a verdict for the defendant at the close of the plaintiff's evidence.

In the amended petition the plaintiff alleges he was employed by an independent contractor of defendant, engaged in making certain alterations and repairs in a tunnel under the plant of the defendant. Plaintiff states it was necessary to use an iron ladder in such tunnel as a means of ingress and egress from the tunnel. Plaintiff states that while using such ladder to leave the tunnel his foot slipped due to the presence of oil on a rung of the iron ladder and upon a pipe immediately behind and adjoining the rung, that he was caused to fall back in the tunnel and suffered thereby serious injury for which he seeks damages.

Plaintiff further states "that the defendant was negligent in that it had certain drip pans in the tunnel which plaintiff was required to use, for the

purpose of catching oil drippings from machinery located in the power plant; and failed to have those pans properly fastened to pervent their tipping and spilling the oil on the floor, thus permitting the oil to be tracked by workmen onto the ladder which plaintiff was required to use in getting from the tunnel to the main floor of the plant."

In the amended answer the defendant pleaded, first, the statute of limitations, second, assumption of risk and sole negligence, and, third, a general denial.

It may be seriously questioned whether a cause of action is stated in this amended petition in that, ■ first, there is no direct allegation that the oil was spilled out of the pans, or was tracked up on the ladder. The statement is that the pans were not fastened to prevent spilling—and that this situation permitted the oil to be tracked. There is no allegation showing where the oil on the ladder came from—who put it there,—or how long it remained there. Second, it is evident from the allegations of the amended petition that the plaintiff was engaged by an independent contractor to remodel, change, or repair the very tunnel in which he was working. Third, there is no allegation that the conditions prevailing in the tunnel did not meet a standard of care employed by others in comparative situations.

Much that applies thus to the petition—applies with equal force to the evidence of plaintiff. No explanation is given in the evidence as to how the oil reached the ladder and pipe, or how long it was there.

The evidence is that after plaintiff's fall, a smudge of grease was observed on the pipe.

The plaintiff relies upon §871-15 GC. He claims that he was a "frequenter" and was under the statute entitled as such to a safe place to ■ work. It is to be borne in mind that the defendant had turned over this tunnel to the plaintiff's employer for the purpose of making substantial and extensive

changes in it. While the defendant continued to occupy it with its pipes and other conduits, certainly any unsafe condition that existed in it was subject to alterations by the contractor at least to the extent of which complaint is made.

In **Englehardt, etc. v Phillipps, etc., 136 Oh St 73,** the Supreme Court laid down the rule requiring evidence of comparative standards of care. It is claimed §871-15 GC, is outside this rule. There appears no sound reason why if the statute is applicable ■ to the situation existing here why such should be the case. The foundation of this rule is that the jury has not sufficient information or experience to permit it simply from common knowledge to form a conclusion as to the existence or absence of reasonable care in providing equipment used by the public.

If a jury cannot form such an opinion in the absence of evidence of comparative standards of care as to equipment used in a public swimming pool, how would it be better able to judge of the existence or absence of care in providing a safe place to work where no evidence was introduced showing what was generally and reasonably considered "safe" under similar situations.

Certainly, reasonable minds might differ as to what was safe or unsafe. To reach a conclusion upon this, either common knowledge or evidence of comparative standards of safety must be used.

There is no essential difference as far as the rule of evidence and procedure is involved between ■ care required by the rules of common law and safety required by the statute. The case of **Ohio Automatic Sprinkler Co. v Fender, 108 Oh St 149,** does not hold otherwise. This case dealt with the failure of an employer to provide a specific safety device required by statute. No latitude of comparison was involved. The device was either there or it was not. The statute was met with compliance or it was violated. Such is not the situation here. Had

the statute under consideration in this case for example required an iron ladder and a wooden one had been used, there could be no occasion for the employment of the rule requiring evidence of comparative standards as to the use of wooden ladders. The statute would be violated and that would be the end of the matter. In the word "safe" such latitude of comparison exists.

The court committed no error in rendering judgment for the defendant. The judgment is affirmed.

MATTHEWS, PJ. & HAMILTON, J., concur.