PARE, APPELLANT, *v.* GEMCO ENGINEERING & MFG. CO., INC., APPELLEE.

(No. 7740—Decided June 8, 1953.)

*Messrs. Kelly & Sullivan,* for appellant.
*Messrs. Harmon, Colston, Goldsmith & Hoadly, Mr. Henry B. Street,* and *Mr. Douglas G. Cole,* for appellee.

MATTHEWS, P. J. The plaintiff, who was an experienced steeple jack, was employed by Noel Rigging Company to assist in razing and removing two cupolas and the platform surrounding them, located in a large factory building owned by The Cincinnati Chemical Company. A part of this building had been leased to the defendant, but this lease had expired at the time material to this case. The part of the building not leased by the defendant had been, and was, unoccupied, and it was in this unused part of the building that the cupolas were located. The Cincinnati Chemical Company sold the cupolas and platform to The Liberty Paper Stock Company, and it was this latter company which employed the Noel Rigging Company to tear down the cupolas and platform preparatory to their removal from the premises. The plaintiff was injured while engaged in this work as an employee of the Noel Rigging Company.

In that part of the building occupied there was located a bridge crane which operated on tracks or rails and was used by the defendant to shift heavy metallic objects from one location to another as required in the conduct of its business. One of these rails was located near and within reaching distance of the cupolas and platform as the plaintiff was engaged in dismantling them. The plaintiff knew that the wheels of the crane were likely to pass along this rail at any time. There had been a partition of wood and wire screening separating the space where plaintiff was working from the rail, but in the process of demolishing the cupolas this partition had been removed. In the process of tearing down the cupolas and platform, a point was reached where the plaintiff was engaged in using an acety-

lene torch to burn through rivets or bolts and thereby loosen the supports of the platform. While doing this he was standing on a metal beam about four inches wide, facing and leaning toward an open space with the floor more than 20 feet below and with this rail something more than three feet above the metal beam upon which he was standing, and to his right. While it is not directly stated, it is a fair inference that the plaintiff lost his balance, or, at least, thought he was about to lose it. At any rate, he threw his right hand up and grasped the beam upon which the rail was located so that a part of his hand extended over the rail, and just at that instant the wheels of the crane passed along the rail. As a result, the plaintiff received a severe injury to his hand by reason of it being caught between one of the wheels and the rail. Whether it was the front or rear wheel does not appear from the record.

This action was instituted by plaintiff to recover damages on account of the injury to his hand. Upon this showing, the defendant, at the close of the plaintiff's evidence, moved for an instructed verdict, which the court sustained, and entered judgment for the defendant. Thereafter, the court overruled the plaintiff's motion for a new trial, and this appeal is from that judgment.

While appellant has assigned many specific errors, his counsel state in their brief that the case was tried on three theories: ''(1) By statute defendant was required to provide a 'safe place' for defendant [*sic*] to work (Secs. 871-15-16, O. G. C.) (2) Defendant violated a statutory duty in not guarding the wheels of the crane, a piece of 'dangerous machinery' (Sec. 1027 [7] O. G. C.), and (3) Defendant was under a common-law duty to exercise reasonable care, under the circumstances, not to injure the plaintiff.''

(1) It is manifest that the principal purpose of Sec-

tion 871-15, General Code, is to protect employees, by requiring employers to provide them with a safe place to work and only incidentally to extend that same security to others who happen to be in the place of employment. It must be shown first that the employer owed a duty to his employees to keep their place of employment in a safe condition, that he defaulted in that duty, and that the nonemployee or frequenter who was injured was rightfully there.

In the case at bar, the plaintiff was not a frequenter of the place provided by the defendant for its employees. He was a frequenter or employee on adjoining premises, although in the same building. He had no right to be on the defendant's premises. When he extended his hand over the beam and rail, he was technically a trespasser toward whom the plaintiff owed no duty to so prepare the premises that he could trespass in safety.

We believe the reasoning in the case of *Popowich* v. *American Steel & Wire Co.*, 13 F. (2d), 381, is dispositive of this phase of this case. The court was called upon to construe Section 871-15, General Code, and apply it to a set of facts showing that the plaintiff was rightfully upon the employer's premises, but not at a place where its employees worked. Plaintiff in that case was not a trespasser. The court held, as stated in the syllabus:

"Employee of independent contractor, receiving injuries while washing windows for defendant at place where no employee of defendant was required to work, *held* not entitled to recover, under Gen. Code Ohio, Secs. 871-15, 871-16, requiring safe place of employment for employees and frequenters, since 'place of employment,' as used therein, means place where some employee is required to work, either temporarily or permanently."

(2) Next, it is urged that the defendant violated Section 1027, General Code, in failing to provide a cover or guard for the wheels of the crane. There is no evidence of any law or rule prescribing a specific kind of cover or guard, and there is no evidence of any customary method of covers or guards. In this connection, it is urged that the court erred in excluding testimony tending to prove that covers or guards were and had been in use in similar situations. This testimony was offered in an effort to comply with the rule referred to in *Jackson* v. *Cincinnati Gas & Electric Co.,* 70 Ohio App., 139, 42 N. E. (2d), 218, and *Engelhardt, a Minor,* v. *Philipps,* 136 Ohio St., 73, 23 N. E. (2d), 829.

An examination of this record discloses that the court did sustain objections to questions apparently designed to develop evidence of the use of covers as well as brakes and bells, but many of these questions were repetitions of questions which had been answered. In no instance did the plaintiff proffer an answer to any question to which an objection had been sustained. Toward the close of the trial, counsel did ask leave to proffer an answer to a question, which the court declined to permit, because the question was a repetition of a question which had already been answered. As the witness' answer was in the record before the jury, a proffer could add nothing.

The plaintiff was fully aware that these wheels were moving almost constantly along this rail. The sounding of a bell could have added nothing to his awareness. And the presence of brakes could have furnished no protection against injury from the sudden placing of plaintiff's hand on the rail immediately in front of the approaching wheel.

Furthermore, the evidence shows that the crane was provided with two wheels, proceeding along the rail

about six feet apart. There is no evidence as to which wheel ran over the plaintiff's hand. For aught that appears in this record, the plaintiff may have grasped the rail after the front wheel had passed by and had his hand injured by the rear wheel. There is no claim that the rear wheel should have been covered or guarded.

Section 1027, General Code, imposed no duty on defendant to plaintiff, who, without right so to do, placed his hand upon the rail.

(3) Finally, it is claimed that the defendant violated its common-law duty to exercise ordinary care, and that its failure in that regard was the cause of the plaintiff's injury. It is true, of course, that in all, or at least most, situations when a person is in proximity to another, he must exercise reasonable care so as not to subject others to unreasonable risks because of his conduct. But every person assumes the ordinary risks of the situation as well as those risks that arise because of his own conduct. In this case, the plaintiff, by placing his hand upon this rail, assumed the risk incident to that act. The unfortunate result is attributable to his own act and not to any negligence of defendant.

For these reasons, the judgment is affirmed.

*Judgment affirmed.*

MATTHEWS, P. J., ROSS and HILDEBRANT, JJ., concur.