COLUMBUS CHECKCASHIERS, INC.,
APPELLANT, *v.* STILES, APPELLEE.

(No. 89AP-560—Decided
January 30, 1990.)

*Lawrence Chas. Gaba,* for appellant.

*Robert J. Stiles, pro se.*

YOUNG, J. This matter is before the court upon the appeal of Columbus Checkcashiers, Inc., appellant, from a judgment rendered in favor of Robert J. Stiles, appellee. In April 1988, appellee hired Denver Beall to replace the curb and cap the bottom step of the porch on his property. Beall had been doing other similar jobs for neighbors living on the same street. Beall requested that appellee give him $400 "up-front" so that he could purchase the materials he would need to do the job. Later that same day, appellee learned that Beall was not licensed to perform the curb work as required by the Columbus City Code. Thus, at 8:45 a.m. the next day, April 14, 1988, appellee placed a stop payment on the check to Beall. Beall cashed the check at appellant's place of business on April 18, 1988. Appellant had previously cashed several checks for Beall without incident; however, at approximately the same time the Stiles' check was refused for payment, other checks made payable to Beall were also refused for payment due to stop payment orders. Subsequently, appellant made several written demands upon appellee to honor the $400 check and finally filed a lawsuit for collection. After the trial to the bench, the trial court set forth findings of fact and conclusions of law and found that appellant was not a holder in due course and was not entitled to collect the amount of the check from appellee. Thereafter, this appeal ensued and appellant now asserts the following five assignments of error, although appellant labels them in his brief as "Questions Presented":

"I. Whether the Municipal Court erred in finding Appellant an unlicensed and unregulated business.

"II. Whether the Municipal Court erred in finding Appellant was not a Holder in Due Course.

"III. Whether the Municipal Court erred in finding that Appellee had entered into a void contract with Denver Beall.

"IV. Whether Appellee is not entitled to recover under the principles of equity.

"V. Whether Appellant is entitled to recover notwithstanding the

contractor's failure to be properly licensed.''

In the first assignment of error, appellant asserts that the trial court erred in finding that appellant is a business unlicensed and unregulated in the state of Ohio. As set forth in its brief, the brevity of appellant's argument on this issue is indicative of the fact that appellant is only wrestling with semantics. The statement of the trial court is a true statement. Check cashing businesses, operating solely to cash third-party checks for a fee, are not licensed in Ohio. Furthermore, there is no governing board or administrative governing body that specifically regulates the check cashing business in Ohio. Although Article III of the Uniform Commercial Code, R.C. 1303.01 *et seq.*, covers check cashing procedures, nonetheless, there is no state agency or governing authority which regulates the separate and distinct check cashing businesses. Accordingly, appellant's first assignment of error is not well-taken and is overruled.

In its second assignment of error, appellant asserts that the trial court erred in finding that appellant was not a holder in due course. A holder in due course is defined by R.C. 1303.31, which provides as follows:

"(A) A holder in due course is a holder who takes the instrument:

"(1) for value; and

"(2) in good faith; and

"(3) without notice that it is overdue or has been dishonored or of any defense against or claim to it on the part of any person.''

In applying this standard to the facts before this court, appellant did acquire the status of a holder in due course. The trial court cited the case of *Vandam Check Cashing Corp.* v. *David J. Askin, Jr., Inc.* (Mar. 7, 1972), New York City Civil Court, Kings County, unreported, to support the contention

that the minimal identification procedure practiced by appellant was insufficient evidence to establish its good faith. However, pursuant to R.C. 1301.01(S) '' '[g]ood faith' means honesty in fact in the conduct or transaction concerned.''

Upon review of the record, although appellant was not able to contact the references Beall gave it for check cashing approval, appellant had cashed several checks for Beall, without incident, prior to the time that appellee placed a stop payment order on his $400 check made payable to Beall. Therefore, even though appellant did not pursue every available precaution, its conduct in cashing Stiles' $400 check made payable to Beall constituted good faith, absent evidence of bad faith. There is no evidence in the record to indicate that appellant acted in bad faith. Furthermore, there is no evidence of dishonesty in fact regarding appellant's conduct or the transaction. Thus, the evidence establishes that appellant was a holder in due course, and the trial court's judgment should be modified to reflect this. However, even though the trial court erred in finding that appellant was not a holder in due course, this finding was not prejudicial in light of this court's disposition of appellant's third, fourth, and fifth assignments of error. Accordingly, appellant's second assignment of error is well-taken and is sustained to the extent that the facts indicate that appellant was a holder in due course in the transaction involving the matter herein.

Appellant's third, fourth and fifth assignments of error are interrelated and will be discussed together. These assignments of error assert that the trial court erred in finding that appellee's contract with Beall, an unlicensed contractor, was void. Stiles' testimony indicates that he learned that Beall was not licensed on the even-

ing of April 13, 1988, only hours after Stiles had given Beall the $400 check. There is also a letter in the record from the city engineer, Joseph A. Ridgeway, Jr., directed to the various neighbors, informing them that Denver Beall was not licensed to do the work inside the city easement. The letter is dated April 18, 1988, and states that the permit issued to Beall April 14, 1988 was ruled invalid because he was not licensed to work in the city of Columbus. The record also reveals that even after this information was made known, Beall assured Stiles that he was going to be able to continue to work on private property and at such time that he was licensed and had the proper permits, he would complete the work which was within the city easement. Beall did not complete any of the work and was not able to be contacted. From these facts, if the faulty permit was issued to Beall on April 14, 1988, Beall was unlicensed at the time he entered into the contract with Stiles and accepted Stiles' $400 check on April 13, 1988. Furthermore, he was unlicensed when he reassured Stiles that he would continue the work and obtain the proper licensing and permits, which he failed to do.

R.C. 1303.34 sets forth the rights of a holder in due course as follows:

"To the extent that a holder is a holder in due course he takes the instrument free from:

"(A) all claims to it on the part of any person; and

"(B) all defenses of any party to the instrument with whom the holder has not dealt except:

"(1) infancy, to the extent that it is a defense to a simple contract; and

"(2) such other incapacity, or duress, *or illegality of the transaction, as renders the obligation of the party a nullity;* and

"(3) such misrepresentation as has induced the party to sign the in-

strument with neither knowledge nor reasonable opportunity to obtain knowledge of its character or its essential terms; and

"(4) discharge in insolvency proceedings; and

"(5) any other discharge of which the holder has notice when he takes the instrument." (Emphasis added.)

In applying R.C. 1303.34(B)(2) to the facts at bar, even though appellant is a holder in due course, appellee can assert the real defense of the illegality of the transaction which rendered Stiles' obligation to Beall a nullity. Columbus City Code (C.C.) 4114.01 provides:

"4114.01 Work of licensed contractor or registered salesperson; exceptions.

"(A) *It shall be unlawful* for any person to undertake or perform work of any of the licensed contractors or registered salespersons as defined in the Columbus Building Code or to represent or advertise himself or herself, either publicly or privately, as being ready, willing or able to contract to perform such work or to undertake such work within the corporate limits *without having first procured the appropriate license* or registration therefor duly issued by the proper Board of Examiners." (Emphasis added.)

On April 13, 1988, when Beall entered into the contract with Stiles and accepted Stiles' $400 check, Beall was not licensed nor did he have the proper permit. Yet, he began work on Stiles' property, which was illegal for him to do. He did obtain a permit on April 14, 1988; however, this permit was immediately ruled invalid since Beall was not licensed pursuant to C.C. 4114.01. Furthermore, Beall did not cash the Stiles' check until April 18, 1988, which was a considerable amount of time after the permit was ruled invalid. Beall cashed the Stiles' check with full knowledge that he was not licensed,

did not have a permit, and could not complete the work within the city easement without obtaining both. Therefore, the trial court properly found that the contract was void based upon illegality and appellant is not entitled to recover as set forth in R.C. 1303.34. Furthermore, equity principles are not applicable to the facts at bar since the appropriate statutory provisions dispose of the matter herein. Accordingly, appellant's third, fourth and fifth assignments of error are not well-taken and are overruled.

Based on the foregoing, appellant's second assignment of error is sustained to the extent discussed; appellant's first, third, fourth, and fifth assignments of error are not well-taken and are overruled. The judgment of the Franklin County Municipal Court is affirmed as modified.

*Judgment affirmed as modified.*

BOWMAN and HOFSTETTER, JJ., concur.

EDWIN T. HOFSTETTER, J., retired, of the Eleventh Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.