### ABC Money Exchange
### v.
### Public Employees Retirement System of Ohio
*[Cite as 8 AOA 321]*

*Case No. 57814*
*Cuyahoga County, (8th)*
*Decided December 13, 1990*

*Steven B. Potter, 508 Superior Avenue, N.W., Cleveland, Ohio 44113, for Plaintiff-Appellee.*

*Anthony J. Celebrezze, Jr., Attorney General, and William Damsel, Assistant Attorney General, 30 East Broad Street, 15th Floor, Columbus, Ohio 43266-0410, for Defendant-Appellant.*

PATTON, C.J.

This is an appeal by Public Employees Retirement System of Ohio ("PERS") from an order requiring PERS to pay ABC Money Exchange ("ABC") $4,327.38.

The relevant facts are as follows:

Mary L. Colbert retired from PERS on April 1, 1960 and began receiving a monthly retirement benefit. On November 18, 1985, PERS received notice of a power of attorney appointing Wilbert Boyce attorney-in-fact for Mary Colbert. Beginning on December 1, 1985, Ms. Colbert's retirement checks were issued by PERS as follows:

"To the Order of Mary L. Colbert
Wilbert Boyce
Power of Attorney
9367 Manor Street
Cleveland, Ohio 44104"

On December 7, 1985, Ms. Colbert died unbeknownst to PERS.

PERS continued to issue the monthly retirement checks in the above manner. The checks were cashed from January of 1986 through May of 1987 by Wilbert Boyce at ABC. In May of 1987, PERS was informed by the Ohio Department of Health, Division of Vital Statistics, that Ms. Colbert had died on December 7, 1985. PERS ceased paying retirement benefits on behalf of Ms. Colbert and requested that the Treasurer of the State of Ohio collect on the forged warrants.

ABC presented seventeen warrants to PERS for reimbursement of $4,327.38 it had paid to Wilbert Boyce. PERS refused to honor the warrants. ABC brought suit and received a favorable result in the trial court. PERS appeals from the trial court's order requiring PERS to reimburse ABC the sum of $4,327.38.

PERS raises the following assignments of error for review:

"I. THE TRIAL COURT ERRED IN GRANTING JUDGMENT IN FAVOR OF PLAINTIFF BECAUSE ABC MONEY EXCHANGE, INC. HAD BREACHED THE WARRANTY OF GOOD TITLE IN R.C. 1303.53.

"II. THE TRIAL COURT ERRED IN GRANTING JUDGMENT TO PLAINTIFF BECAUSE THE WARRANTS WERE PAYABLE ONLY IF ENDORSED BY THE PERS MEMBER.

"III. THE TRIAL COURT ERRED IN GRANTING JUDGMENT TO PLAINTIFF BECAUSE THE POWER OF ATTORNEY UPON WHICH ABC MONEY EXCHANGE, INC. RELIED WAS REVOKED UPON THE DEATH OF THE PRINCIPAL."

The disposition of this case is governed by the provisions of the Uniform Commercial Code, specifically Articles 3 and 4, R.C. Chapters 1303 and 1304. For the purpose of review, the appel-lant's three assigned errors will be addressed in the course of this court's general discussion of the interrelated issues presented.

A.

Initially PERS argues that ABC is not a holder in due course. We cannot agree.

A "holder in due course" is defined by R.C. 1303.31 which provides as follows:

"(A) A holder in due course is a holder who takes the instrument:

"(1) for value; and

"(2) in good faith; and

"(3) without notice that it is overdue or has been dishonored or of any defense against or a claim to it on the part of any person."

A "holder" is defined in R.C. 1301.01(T) as "a person who is in possession of *** an instrument *** issued, or endorsed to him or to his order or to bearer or in blank."

In order to be considered a holder, one must satisfy two conditions:

(1) he must have possession; and

(2) he must possess an instrument drawn, issued or endorsed to him. White & Summers, Uniform Commercial Code (2 Ed. 1980) 552 Section 14-3. In the present case, ABC was in physical possession of the instruments. Furthermore, the instruments were made payable to:

"Mary L. Colbert
Wilbert Boyce
Power of Attorney"

An instrument issued in the above manner is properly endorsed by the signature of Wilbert Boyce. The instruments were therefore properly endorsed to ABC by the signature of Wilbert Boyce. In light of the above, ABC was a "holder" as defined by R.C. 1301.01.

Next we must apply R.C. 1303.31. We have already concluded that ABC was a "holder." We must now determine if the instruments were taken for value, in good faith and without notice of any claim or defense against them in order to determine whether ABC is a holder in due course.

ABC took each instrument for "value" when it forwarded cash to Wilbert Boyce in exchange for the instruments and a fee. ABC also took each instrument in good faith. R.C.

1301.01(S) provides "good faith means honesty in fact in the conduct or transaction concerned." No evidence was introduced to indicate that ABC failed to act with "honesty in fact." Finally, there is no evidence that ABC was put on notice of a claim or defense against the instruments. R.C. 1301.01(Y) provides:

"A person has 'notice' of a fact when:

"(1) he has actual knowledge of it; or

"(2) he has received a notice or notification of it; or

"(3) from all the facts and circumstances known to him at the time in question he has reason to know that it exists.

"A person 'knows' or has 'knowledge' of the fact when he has actual knowledge of it. ***"

The only evidence tending to show that ABC had reason to know of a claim or defense from the surrounding circumstances was the fact that Wilbert Boyce was negotiating the instruments pursuant to a power of attorney. R.C. 1303.33(D)(5) provides that mere knowledge that the person negotiating the instruments stands in the position of a fiduciary is insufficient to give notice. *G.F.D. Enterprises, Inc. v. Nye* (1988), 37 Ohio St. 3d 205, 211.

In light of the foregoing analysis, we conclude that ABC did acquire the status of a holder in due course. This, however, does not end our inquiry.

B.

PERS also argues that ABC breached its warranty of good title contained in R.C. 1303.53. Applying R.C. 1303.53, we conclude that ABC did in fact breach the warranty contained in R.C. 1303.53(A)(1).

ABC argues that its status as a holder in due course precludes a finding that it breached its warranty. The above argument is without merit and is based upon an incorrect statement of law. A holder in due course may breach its R.C. 1303.53(A)(1) warranty.

The Uniform Commercial Code states that, except for recovery of bank payments under the bank deposits and collections provisions (R.C. 1304.13), and recovery for breach of warranty on presentment (R.C. 1303.53), acceptance of any instrument is final in favor of a holder in due course (R.C. 1303.54). See 9 Ohio Jurisprudence 3d (1979) 167, Banks, Section 223. Thus, the presentment warranty contained in R.C. 1303.53(A) (1) is applicable

to a holder in due course and ABC. See *G.F.D. Enterprises, Inc. v. Nye, supra,* at 216.

R.C. 1303.53 provides in relevant part:

"(A) Any person who obtains payment or acceptance and any prior transferor warrants to a person who in good faith pays or accepts that:

"(1) he has good title to the instrument or is authorized to obtain payment or acceptance on behalf of one who has a good title; ***"

Where a person requests payment, not in his own right but as agent for another, he does not warrant that he has good title. But, by obtaining payment, he does warrant that he is authorized to act on behalf of a person who does have good title. 4 Hawkland, Uniform Commercial Code Series (1986), 750-752, Section 3-417:06.

In the present case, neither Wilbert Boyce nor ABC was authorized to act on behalf of a person who had good title. It is true that Wilbert Boyce was at one time authorized to act on behalf of Ms. Colbert pursuant to a properly executed power of attorney. However, his authority to act ceased to operate when he learned of Ms. Colbert's death. *Ish v. Crane* (1862), 13 Ohio St. 574. Furthermore, the back of the checks issued by PERS contain the following endorsement notice:

"THIS WARRANT IS PAYABLE ONLY IF ENDORSED BY THE PAYEE. IF PAYEE IS DECEASED THIS WARRANT MUST BE RETURNED UNCASHED TO THE OFFICE OF THE PUBLIC EMPLOYEES RETIRE-MENT SYSTEM. IF PAYEE USES HIS MARK (X) TO ENDORSE THIS WARRANT, IT MUST BE WITNESSED BY TWO PER-SONS WHOSE NAMES AND ADDRESSES APPEAR FOLLOWING THAT OF THE PAYEE."

It is clear that neither Wilbert Boyce nor ABC was authorized to act on behalf of Ms. Colbert subsequent to her death. Therefore, Wilbert Boyce and ABC have violated the warranty provisions contained in R.C. 1303.53(A)(1) relating to authorization to act on behalf of a person who has good title.

Thus, when ABC presented the checks to PERS for payment, they warranted that they were authorized to act on behalf of a person who has a good title. In fact, they were not. They therefore violated their warranty provi-

sions and are thereby barred from recovery against PERS.

Accordingly, we hereby reverse the judgment for ABC and vacate the trial court order requiring PERS to pay ABC the sum of $4,327.38.

SWEENEY, J., and JOHN F. CORRIGAN, J., concur.