DECISION.
{¶ 1} Plaintiff-appellant, Firstar Bank, N.A., n.k.a. U.S. Bank, N.A., filed a complaint against defendant-appellee, First Service Title Agency ("FSTA"), seeking damages for failure to pay on three checks presented to Firstar. The trial court granted summary judgment in favor of FSTA.
 {¶ 2} The record shows that on January 22, 2002, as a result of a real estate transaction, FSTA issued three checks drawn on its account with Key Bank. The first check was for $850 and was paid to the order of "Richard G. Knostman, Atty. and Mark F. Foster, Atty. and Resa Kermani Badri Kermani." The second check was for $36,295.80 and was made payable to "JD Properties and Reza Kermani Badri Kermani." The third was for $4,010.00 and was made payable to "Knab Mortgage."
 {¶ 3} FSTA subsequently learned that the underlying real estate transaction had been fraudulent. Consequently, on January 23, 2002, it put stop-payment orders on all three checks and refunded monies it had received in the transaction.
 {¶ 4} The same day that Key Bank placed the stop-payment orders on the checks, Randall Davis, who had various accounts at Firstar, presented all three checks to Firstar. Firstar apparently paid the checks even though Davis was not a party to any of the checks, the checks contained multiple endorsements that all appeared to be in the same handwriting, and they were marked "for deposit only."
 {¶ 5} Key Bank subsequently returned the checks to Firstar with the notation "Payment Stopped." Firstar then filed suit against FSTA and Davidson seeking to recover the money it had paid to Davidson. Eventually, a consent judgment in the amount of $41,155.80 was entered against Davidson. That judgment indicated the Firstar had agreed to forgo execution of the judgment as long as Davidson made monthly payments of $10,000 plus interest. Davidson, however, failed to make the payments required by the judgment. Both Firstar and FSTA filed motions for summary judgment. The trial court denied Firstar's motion and granted FSTA's motion.
 {¶ 6} Before we address the merits of Firstar's assignments of error, we note that Firstar refers repeatedly to various exhibits that were allegedly attached to its memorandum in opposition to FSTA's motion for summary judgment. Those exhibits are not now attached to that memorandum and appear nowhere in the record. Under App.R. 9, Firstar, as the appellant, bears the burden to provide a complete record for review, including exhibits, journal entries, transcripts and other allowable documents. When portions of the record necessary for the resolution of assigned errors are omitted from the record, a reviewing court has no choice but to presume the validity of the trial court's proceedings. Knapp v. Edwards Laboratories
(1980), 61 Ohio St.2d 197, 199, 400 N.E.2d 384; Volodkevich v.Volodkevich (1989), 48 Ohio App.3d 313, 314, 549 N.E.2d 1237;Yelton v. Stehlin (Aug. 20, 1999), 1st Dist. No. C-980503.
 {¶ 7} Further, the record is far from clear as to whether these documents were ever before the trial court. A reviewing court cannot add matter to the record before it that was not part of the trial court's proceedings and then decide the appeal on the basis of that new matter. In re Contested Election ofNovember 2, 1993, 72 Ohio St.3d 411, 413, 1995-Ohio-16,650 N.E.2d 859; Lassiter v. Lassiter, 1st Dist. Nos. C-020494, C-020370 and C-020128, 2003-Ohio-2333, at ¶ 2.
 {¶ 8} Firstar presents three assignments of error for review. In its first assignment of error, Firstar states that the trial court erred when it held that Firstar was not a holder in due course of the three checks. It argues that it took the checks for value, in good faith, and without notice of any defects in the instruments, and that it was, therefore, a holder in due course as defined in R.C. 1303.32. In its second assignment of error, Firstar states that the trial court erred in granting FSTA's motion for summary judgment where FSTA failed to proffer evidence in opposition to Firstar's affidavit stating that it had no notice of forgery. These assignments of error are not well taken.
 {¶ 9} A holder becomes a holder in due course if the holder takes the instrument (1) for value; (2) in good faith; (3) and without notice of any claims or defenses otherwise available to the person obligated on the instrument or of various defects in the instrument. R.C. 1303.32(A)(2). A person has notice of a fact when (1) the person has actual knowledge of it; (2) the person has received a notice or notification of it; or (3) from all the facts and circumstances known to the person at the time in question, the person has reason to know that it exists. R.C.1301.01(Y). Additionally, an instrument, when issued or negotiated to the holder, cannot bear evidence of forgery or alteration that is so apparent, or cannot otherwise be so irregular or incomplete, as to call into question its authenticity. R.C. 1303.32(A)(1).
 {¶ 10} The trial court held that Firstar was not a holder in due course because it "failed to exercise ordinary care having knowledge that the checks were forged or otherwise deficient." The issue of whether a holder is a holder in due course is generally a question of fact. See Arcanum Natl. Bank v. Hessler
(1982), 69 Ohio St.2d 549, 553, 433 N.E.2d 204. But the record in this case presents no genuine issue of fact. The checks in question bore evidence of forgery and were so irregular on their face as to call into question their authenticity and to give notice to a reasonably prudent person exercising ordinary care of defects in the checks. See Salter v. Mut. Finance Co. (1957),106 Ohio App. 20, 22-23, 153 N.E.2d 216; First Natl. Bank ofLinton v. Otto Huber Sons, Inc. (D.S.D. 1975), 394 F. Supp. 1284,1287-1288. Compare ABC Money Exchange v. Pub. Emp.Retirement Sys. Of Ohio (1990), 70 Ohio App.3d 732, 736,591 N.E.2d 1359 (the only evidence tending to show a reason to know of a claim or defense was the fact that checks were negotiated pursuant to a power of attorney); Columbus Check Cashiers, Inc.v. Stiles (1990), 56 Ohio App.3d 159, 159-160, 565 N.E.2d 883
(the only defect in a check paid over a stop-payment order was that a contractor was not licensed to perform the work for which he was paid).
 {¶ 11} Firstar relies upon R.C. 1303.01(A)(9), which defines "ordinary care" in the context of negotiable instruments. It provides that "`[o]rdinary care' in the case of a person engaged in business means observance of the reasonable commercial standards that are prevailing in the area in which the person is located with respect to the business in which the person is engaged. In the case of a bank that takes an instrument for processing for collection or payment by automated means, reasonable commercial standards do not require the bank to examine the instrument if the failure to examine does not violate the bank's prescribed procedures, and the bank's procedures do not vary unreasonably from general banking usage not disapproved by this chapter or Chapter 1304 of the Revised Code."
 {¶ 12} Firstar bore a burden to support its motion for summary judgment with evidence appropriate under Civ.R. 56(E). Further, once FSTA presented evidence to meet its burden to support its motion for summary judgment, Firstar bore a burden to defend against FSTA's motion. See Dresher v. Burt (1996),75 Ohio St.3d 280, 292-293, 662 N.E.2d 264; Stinespring v. NatorpGarden Stores (1998), 127 Ohio App.3d 213, 215-216,711 N.E.2d 1104. A nonmoving party may not rest upon the allegations set forth in its pleadings in response to a properly supported motion for summary judgment. The nonmoving party must show that a genuine issue of material fact exists by pointing to specific facts in the record through affidavit or other proper means.State ex rel. Mayes v. Holman, 76 Ohio St.3d 147, 148,1996-Ohio-420, 666 N.E.2d 1132.
 {¶ 13} In this case, Firstar presented no evidence showing that it had followed its own procedures or that those procedures did not vary unreasonably from general banking usage. See RDHEnterprises, Inc. v. Farmers Merchants Bank, 2nd Dist. No. 19934, 2003-Ohio-6247, ¶ 15-27. Consequently, it failed to meet its burden to show that a genuine issue of fact existed for trial.
 {¶ 14} Since Firstar had notice that the checks were irregular and that claims and defenses existed, it was not a holder in due course. Consequently, FSTA, as the maker of the checks, could assert all valid claims and defenses. ArcanumNatl. Bank, supra, at 553-554, 433 N.E.2d 204. See, also, R.C.1303.35.
 {¶ 15} R.C 1303.50(B) states that "[e]xcept as provided in division (C) of this section, an alteration fraudulently made discharges a party whose obligation is affected by the alteration unless that party assents or is precluded from asserting the alteration." R.C. 1303.50(C) states that "[a] payor bank or drawee paying a fraudulently altered instrument or a person taking it for value, in good faith and without notice of the alteration, may enforce rights with respect to the instrument according to its original terms[.]"
 {¶ 16} FSTA placed a stop-payment order on the checks pursuant to R.C. 1304.32 as soon as it discovered fraud in the underlying transaction, and it notified the parties and the payees of the stop-payment orders. Consequently, it did not assent to the alteration of the forged endorsements. Firstar, on the other hand, had notice of the alterations because of the irregularities on the faces of the three checks. Consequently, the alterations discharged FSTA of its obligation to pay the instruments pursuant to their terms. See Micro Experts, Inc. v.Edison Technologies, Inc. (1997), 122 Ohio App.3d 394, 402-404,701 N.E.2d 1033.
 {¶ 17} We find no issues of material fact. Construing the evidence most strongly in Firstar's favor, we hold that reasonable minds could come to but one conclusion — Firstar was not a holder in due course and FSTA was not liable to pay Firstar on the checks. FSTA was entitled to judgment as a matter of law, and the trial court did not err in granting summary judgment in its favor. Harless v. Willis Day Warehousing Co. (1978),54 Ohio St.2d 64, 66, 375 N.E.2d 46; Stinespring, supra, at 215,711 N.E.2d 1104. Accordingly, we overrule Firstar's first and second assignments of error.
 {¶ 18} In its third assignment of error, Firstar contends that the trial court erred in holding that Firstar had no cause of action to recover economic damages because of a lack of privity between Firstar and FSTA. We tend to agree with Firstar's argument that the provisions of the Uniform Commercial Code have supplanted the common-law concept of privity in cases involving negotiable instruments. See May v. Westfield Village, L.P., 5th Dist. No. 02-COA-051, 2003-Ohio-5023, at ¶ 9-10; Amzee Corp. v.Comerica Bank-Midwest, 10th Dist. No. 01AP-465, 2002-Ohio-3084, at ¶ 41-52. Nevertheless, we need not reach that argument. Since we affirm the trial court's judgment on UCC principles, we find this assignment of error to be moot. We, therefore, decline to address it. See App.R.12(A)(1)(c). Based on our disposition of Firstar's first and second assignments of error, we affirm the trial court's judgment.
Judgment affirmed.
Doan, P.J., Hildebrandt and Gorman, JJ.