## PERRY

v.

## OHIO DEPARTMENT OF REHABILITATION AND CORRECTION.

Court of Claims of Ohio.

No. 92–11870.

Decided May 11, 1994.

*Charles Perry, pro se.*

*Lee Fisher,* Attorney General, and *John P. Reichley,* Assistant Attorney General, for defendant.

---

RUSSELL LEACH, Judge.

On November 3, 1993, this matter came to trial before R. Michael Smith, a referee of this court. On April 5, 1994, the referee issued a report wherein he recommended judgment for defendant. (See Appendix.)

Civ.R. 53 states that "[a] party may, within fourteen days of the filing of the report, serve and file written objections to the referee's report." Neither party filed an objection to said report.

Upon review of the record and the referee's report, it is the court's finding that the referee was correct in his analysis of the issues and application of the law. Accordingly, this court adopts the referee's report and recommendation as its own. Therefore, judgment is rendered in favor of defendant and against plaintiff. Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

*So ordered.*

RUSSELL LEACH, J., retired, of the Franklin County Municipal Court, sitting by assignment.

## APPENDIX

R. MICHAEL SMITH, Referee.

### *FINDINGS OF FACT AND CONCLUSIONS OF LAW*

This cause arose out of events occurring on August 9, 1992, on the premises of the Mansfield Correctional Institute ("MCI"). Plaintiff, Charles Perry, an inmate in the custody and control of defendant, Department of Rehabilitation and Correction, alleges that he slipped and fell due to the negligence of defendant's agents and employees.

On August 9, 1992, plaintiff and another inmate were playing a game of table tennis (Ping–Pong) in a large room set aside by MCI for inmate recreation. While plaintiff and other inmates with free time were engaged in recreational activities upon one part of the floor, MCI had assigned certain inmates to mop, strip, wax, and polish unused areas of the floor. The room is of such size that, ordinarily, one activity does not interfere with another. Part of the cleaning and stripping process required the floor to be mopped with soap and water, after

which a stripping compound was applied. Plaintiff apparently slipped and fell when he unexpectedly encountered one or more of these substances.

Thereafter, plaintiff instituted the present action, asserting, in essence, that defendant's negligence proximately caused a dangerous condition on the premises, of which defendant failed to warn plaintiff, and which ultimately caused plaintiff's injury. The undersigned referee was assigned by a judge of the Court of Claims to hear the matter pursuant to Civ.R. 53. This cause then came on for trial and the findings of fact and conclusions of law that follow are determined upon the evidence adduced by the parties.

Liability for injuries that result from man-made conditions on the premises are usually analyzed through legal standards derived from the injured party's status on the premises at the time of injury. Under the common law of Ohio, and many other jurisdictions, the duties owed by an owner or occupier of premises turn upon the precise status of the injured person as either a trespasser, a licensee, a social guest, or a (business) invitee. *S.S. Kresge Co. v. Fader* (1927), 116 Ohio St. 718, 158 N.E. 174; *Scheibel v. Lipton* (1951), 156 Ohio St. 308, 46 O.O. 177, 102 N.E.2d 453; *Sidle v. Humphrey* (1968), 13 Ohio St.2d 45, 42 O.O.2d 96, 233 N.E.2d 589; *Light v. Ohio Univ.* (1986), 28 Ohio St.3d 66, 28 OBR 165, 502 N.E.2d 611; *Brinkman v. Ross* (1993), 68 Ohio St.3d 82, 623 N.E.2d 1175; *Masi v. Ohio Dept. of Transp.* (1989), 61 Ohio Misc.2d 398, 579 N.E.2d 552; *Hysell v. Ohio Dept. of Rehab. & Corr.* (1989), 61 Ohio Misc.2d 372, 579 N.E.2d 315; *Covert v. Ohio Dept. of Mental Health* (1990), 61 Ohio Misc.2d 506, 580 N.E.2d 516.

One who has no right, invitation or lawful authority to enter the premises is a trespasser. *Soles v. Edison* (1945), 144 Ohio St. 373, 29 O.O. 559, 59 N.E.2d 138. A mere grant of permission to enter the premises creates only the status of licensee. *Pittsburgh, F.W. & C. Ry. Co. v. Bingham* (1876), 29 Ohio St. 364. One who enters the premises at the express invitation of the occupant and for the occupant's benefit is an invitee, *Englehardt v. Philipps* (1939), 136 Ohio St. 73, 15 O.O. 581, 23 N.E.2d 829; and a social guest is one who receives an invitation to enter the land as a guest of the occupant. *Masi, supra,* 61 Ohio Misc.2d at 401, 579 N.E.2d at 554.

It is apparent that plaintiff does not fit within any of these classifications. Indeed, such categories simply cannot readily accommodate prison inmates who are brought upon the premises to be incarcerated as punishment for their crimes. See, *e.g., Wolfe v. Ohio Dept. of Rehab. & Corr.* (Jan. 17, 1991), Ct. of Cl. No. 89–12402, unreported, affirmed (Jan. 7, 1992), Franklin App. No. 91AP–554, unreported, 1992 WL 1164. Thus, owing to the unique circumstances of plaintiff's presence upon defendant's premises, and in light of defendant's lawful obligation to maintain custody and control over plaintiff, it is concluded that the traditional

categories and consequent duties of care are not applicable here. Instead, the applicable standard of care is that established in the common law and set forth in *McCoy v. Engle* (1987), 42 Ohio App.3d 204, 207–208, 537 N.E.2d 665, 669, as follows: "In the context of the custodial relationship between the state and its prisoners, the state owes a duty of reasonable care and protection from unreasonable risks." (Citations omitted.)

The essence of plaintiff's case is that those acting pursuant to defendant's direction and control applied soap and water or stripping compound to an area only a few feet from where plaintiff engaged in table tennis, and that they did so without any warning to plaintiff. It is his assertion that he was unaware prior to slipping that slippery substances were present in the area of his fall, and that defendant failed to place a "wet floor" sign near the location of the cleaning activities. In plaintiff's view, such failures constituted negligence, which was a cause of his fall.

Warning signs, in and of themselves, possess no talismanic power to ward off or engender liability. The relevant issue is not whether warning signs were placed, but instead, whether, under all of the circumstances, plaintiff was, or should have been, aware of the activities upon, and the condition of, the floors.

The evidence was controverted as to whether defendant placed signs warning of wet floors and whether they were placed before or after plaintiff fell. However, the preponderance of such evidence was to the effect that defendant had placed one sign, although not in a location where plaintiff would necessarily have observed it. After plaintiff's fall, defendant placed additional signs and also moved the existing sign. Cf. Evid.R. 407.

Regardless of whether defendant placed "wet floor" signs in plaintiff's proximity, his assertion that he was unaware of the nearby cleaning activities is not credible. The stripping and mopping process was conducted quite openly with mops and mop buckets. Also, buffer machines had been brought out onto the floor. Although there was no precise evidence on the issue of characteristic sounds, it is plain that the process is attended by identifying noises, such as the clatter of buckets as the assigned inmates moved about, wet mops slapping against the floor surface, as well as the general activities of those inmates assigned to complete these tasks. Also, the inmate assigned to clean the floor area at issue was present in that floor area and engaged in his assigned tasks at the time plaintiff fell. Plaintiff could hardly have failed to apprehend, either visually or audibly, that nearby portions of the floor were in the process of being cleaned.

The evidence was fully at variance upon the question of where and how plaintiff actually fell, as well as upon the related issue of how close to plaintiff the cleaning

materials were applied.  Plaintiff would have the court believe that the floor was mopped to within a few feet of the game table and also near him on one side, all without plaintiff having noticed the activities.  He also asserted at trial that he fell within a few feet of the table, as he responded to the bounce of the Ping–Pong ball.  Other testimony was to the effect that plaintiff slipped and fell some distance from the table and that he did so while attempting to retrieve a Ping–Pong ball that had bounced out of play.  Additionally, one of the corrections officers observed the events at issue and testified that he saw plaintiff enter the area being mopped, retrieve the ball, return to the table area, and then fall.

The preponderance of the competent and credible evidence indicates that the mopping activities came no closer than ten feet from the table area.  It is also concluded, based upon the preponderance of the evidence, that plaintiff fell quite near the table, i.e., within three feet of it.  This referee finds that plaintiff knowingly and voluntarily entered the wet floor area so as to retrieve the wayward Ping–Pong ball.  As he returned to the area of his game, he tracked the slippery substances into the assigned recreation area.  He then slipped and fell on these substances.

In conclusion, the preponderance of the evidence shows that plaintiff alone was responsible for the presence of the soapy water, or other compound, on the floor area at issue.  Plaintiff's fall was occasioned as either an unforeseen accident or as the sole result of his own negligence.  Defendant's actions were reasonable under the circumstances and did not amount to negligence of any degree.

Plaintiff is also required to prove that he was injured as a proximate result of defendant's alleged breach of duty.  *Strother v. Hutchinson* (1981), 67 Ohio St.2d 282, 21 O.O.3d 177, 423 N.E.2d 467; *Di Gildo v. Caponi* (1969), 18 Ohio St.2d 125, 47 O.O.2d 282, 247 N.E.2d 732.  While there was some credible testimony that plaintiff may have suffered some slight pain as a result of the fall, nevertheless, his testimony that he endured great pain and suffering from the fall was fully controverted by testimony indicating that he was not injured at all from the fall, but merely pretended pain in order to maintain this lawsuit.  The conflict in the evidence on this factual issue is in equipoise, and, therefore, plaintiff has not met his burden of proof by a preponderance of the evidence.

Furthermore, there was no competent evidence presented upon the precise nature, extent and duration of plaintiff's injuries, all of which require expert testimony under the circumstances of this case.  Similarly, plaintiff did not present sufficient competent evidence to show that the fall proximately caused the alleged injuries or that the alleged injuries may be distinguished from back injuries previously sustained.  It is therefore concluded that plaintiff has failed to prove his injuries by a preponderance of the competent and credible evidence.

**32**

Having found no negligence on behalf of defendant, and also that plaintiff has failed to prove the requisite elements of his cause, I accordingly recommend that judgment be entered in favor of defendant and against plaintiff.

*So recommended.*