BOOMERSHINE, A MINOR, APPELLANT, *v.* RICE, APPELLEE.

(No. 2570—Decided May 27, 1960.)

*Mr. Floyd Koogler* and *Messrs. Holzfaster, Hoefling & Cecil,* for appellant.

*Messrs. Altick & McDaniel,* for appellee.

CRAWFORD, J. Plaintiff, a minor, appellant herein, is seeking damages for personal injuries sustained when she was struck by an automobile driven by defendant, appellee herein. Plaintiff has appealed on questions of law from a judgment for the defendant. The single assignment of error is the refusal of the trial court to give a special written instruction requested by plaintiff under favor of Section 2315.01 (E), Revised Code.

The facts giving rise to this cause occurred on May 19, 1954, at approximately 3:15 p. m., just as the elementary school in Brookville attended by plaintiff was being dismissed. She was then 6 years of age and in the first grade. The school building is located on the west side of Hill Street, and her home was on the east side of Hill Street a short distance north of the school. No crosswalks were marked and no patrol boys were on duty. It was the practice of the children to cross the street at various points indiscriminately.

Considerable rain was falling and the street was wet. Many parents had driven to the school to take their children home. Defendant was on such an errand. Hill Street has a width equal to that of four automobiles. There were two lines of automobiles parked on the west side of the street and a single line on the east side, leaving one open lane immediately east of the center. Defendant was proceeding south in this lane at a speed variously estimated at between 8 and 20 miles an hour. Plaintiff and another little girl, Eugenia Binkley, who lived next door to plaintiff, were either the first or among the first to emerge from the school building. They proceeded north on the west side of Hill Street to a point approximately opposite their homes where they endeavored to cross the street from west to east. They passed between the double line of parked cars on the west. They were both approximately four feet tall and were walking close together. When they emerged into the third lane from the west they were struck by defendant's southbound automobile and the injuries complained of resulted.

The second amended petition charges four elements of negligence: Failure to keep a lookout for the plaintiff, failure to give a warning of approach, failure to have the automobile under control to stop, and operating the car to the left of the center of Hill Street.

The jury returned a general verdict for the defendant and answered a special interrogatory, finding that the defendant was not negligent in any respect proximately causing the collision.

The special instruction requested and rejected, which forms the basis of the single assignment of error, reads as follows:

''Where a driver sees or should reasonably see or anticipate the presence of children, he has a duty to exercise ordinary care for their safety. It is necessary in the exercise of ordinary care for children under such circumstances to exercise a degree of vigilance and caution proportionate to the existing circumstances and proportionate to the apparent age and actions of the child involved. The fact that infants of very tender years cannot and other children do not exercise the same degree of care for their own safety as adults imposes a duty upon everyone to anticipate the ordinary behavior of children of the same or similar age and to exercise for children a degree of care

commensurate with the apparent age and actions of the child. If you find that the defendant failed to use ordinary care in these respects, then such failure would constitute negligence.''

Judge McBride, in rejecting this requested charge, wrote as follows:

''Rejected—several references to apparent age—same age —because facts here do not disclose an opportunity to observe the age of this child. McBride.''

The only testimony which throws any important light upon our question is that of the principals to the accident. The defendant said:

''* * * there were no children crossing at the time and these two little girls run out between these parked cars. I mean they were there at my right front bumper instantly. I put on my brake immediately and it stalled the engine.''

Defendant testified further:

''Q. Do you recall seeing the position of the two little girls in front of your car? A. I saw one.

''Q. Which one did you see? A. That I don't know.

''Q. Do you recall whether you saw the one that was pinned under the wheel or—A. The one that the wheel was on her dress. ''* * *

''Q. Which one was that? * * * A. I don't know.''

This particular girl was identified by other testimony as Eugenia Binkley and not as the plaintiff.

Defendant testified further:

''* * * it seemed like I saw these two girls and they were right at the left front headlight of the car on my right and it seemed like they just appeared out of space. ''* * *

''Q. And when you first saw those two little girls, what were they doing? A. I just can't say, I mean it just seemed like they appeared all at once.

''Q. Were they moving or stopped? A. It looked to me like they were moving.

''Q. How far were you from them when you saw them? A. I would say probably the windshield of the parked car at my right when I saw them.

''Q. Are you talking about you, yourself, or your car? A. The car.

"Q. What part of your car? A. The front of my car.

"Q. Approximately how far was the front of your automobile from these little girls when you first saw them up ahead of this car to your right? A. I would say three to four feet.

"Q. And then what did you do? A. I immediately slammed on my brakes.

"* * *

"Q. How did you know that you hit them? A. I saw the one girl directly in front of my headlight so I just knew that I hit her.

"Q. When did you see that one girl directly in front of your headlight? A. When I was almost up on her.

"Q. I know—was that after you first saw them when you were about three or four feet from them? A. Everything happened so quick. It just seemed like they were there and I was there at the same time."

Plaintiff and Eugenia Binkley said that they looked both ways just before they started across the street, looked just before emerging from the second line of parked cars to enter the third lane from the west, and saw nothing, and that they did not see the defendant's automobile before it hit them.

None of the other testimony furnishes any variation of the situation thus presented by both sides, namely, that defendant saw the girls only an instant before striking them and that the latter in turn did not see her automobile before they were hit.

Hence Judge McBride's reasons for rejecting the requested instruction appear to us to be valid.

Defendant's counsel contends that the instruction falls in the category of a general or abstract proposition of law having no practical application to the issues and facts of the case on trial, so that there was no prejudice in refusing it, and cite 4 Ohio Jurisprudence (2d), 375, Appellate Review, Section 1047. We are of the opinion it would have been erroneous to give it.

Plaintiff's counsel argues that defendant falls into all three of the following classifications: (1) Those who see in time to avoid inflicting injury, (2) those who should reasonably see in the exercise of ordinary care, and (3) those who should reasonably anticipate. It is said that, because of defendant's

familiarity with the general situation and her knowledge of what school children, such as these, ordinarily do, the instruction is applicable to her; and that, in view of her testimony that she did not see the plaintiff in time to avoid injuring her, the instruction was framed broadly enough to cover the second and third categories of drivers who should reasonably see and those who should reasonably anticipate.

The difficulty with the charge is that it would have required her either to consider the apparent age and actions of this particular child, whether defendant saw her or not, or would have imposed upon her an absolute duty to see the plaintiff and observe her age and actions.

If defendant should reasonably have seen or anticipated the presence of plaintiff and failed to do so, that failure alone would comprehend all related failures. But unless the evidence would justify a finding that she actually saw the plaintiff in time to avoid injuring her, defendant cannot be charged with failing to do what she ought to have done if she had seen plaintiff.

A fourth classification of drivers should be added to the three mentioned by counsel, namely, drivers who do not see and in the exercise of ordinary care could not see in time to avoid an injury.

The evidence, as we have seen, indicates that defendant was in that category. At the very least, if there was a doubt about it, she was entitled to have the jury pass upon the question. But the requested instruction would have imposed upon her an absolute duty to see the plaintiff, and the court properly refused to give it.

No error prejudicial to plaintiff appearing in the record, the judgment is affirmed.

*Judgment affirmed.*

WISEMAN, P. J., and KERNS, J., concur.