MONACO

v.

OHIO EXPOSITIONS COMMISSION et al.

Court of Claims of Ohio.

No. 94–01995.

Decided Oct. 2, 1995.

*Patrick D. Maguire,* for plaintiff.

*Betty D. Montgomery,* Attorney General, and *Gregg H. Bachmann,* Assistant Attorney General, for defendants.

---

J. WARREN BETTIS, Judge.

On August 13, 1983, plaintiff Timothy D. Monaco was injured while attempting to board a moving shuttle bus at the Ohio State Fair. Plaintiff filed the above-captioned matter seeking damages for the alleged negligence of defendant's

employees, which he claims proximately caused his injuries. Conversely, defendants deny they were negligent and assert that plaintiff's own actions were the sole proximate cause of his injuries.

This matter was bifurcated and proceeded to trial on the sole issue of liability. The court, having considered the stipulations, evidence, and arguments of counsel, hereby renders the following findings of fact and conclusions of law.

## FINDINGS OF FACT

1. On August 13, 1983, plaintiff attended the Ohio State Fair on the premises of defendant, Ohio Expositions Commission ("OEC"), in Columbus, Ohio;

2. Plaintiff was eleven years old at the time; his date of birth is October 24, 1971;

3. On the above-stated date, at approximately 7:30 p.m., plaintiff observed a shuttle bus in operation near the Laushe Building;

4. The shuttle bus consisted of a Ford tractor that pulled two shuttle bus wagons in tandem;

5. OEC leased the tractor that pulled the shuttle bus wagons. The shuttle bus wagons were owned and operated by OEC. OEC designed and manufactured the shuttle bus wagons in 1956;

6. At the time of the incident, the shuttle bus tandem was manned by two conductors, Christopher Dorsey and Stephen Jefferis, one on each shuttle bus wagon. Both Dorsey and Jefferis were employees of OEC acting within the course and scope of their employment. Both Dorsey and Jefferis attended an orientation upon employment and also received individual training regarding the safe operation of the shuttle bus;

7. Upon observing the shuttle, plaintiff attempted to board the first shuttle bus wagon while it was moving between designated stops. In the process of boarding, plaintiff fell between the two shuttle bus wagons, was run over by the rear wagon, and sustained personal injuries. The shuttle was traveling at a rate of speed of approximately five miles per hour;

8. Neither of the conductors witnessed plaintiff's approach or attempt to board the moving shuttle bus. Prior to the accident, plaintiff did not act in a manner which would indicate that he was about to board the moving shuttle bus;

9. Prior to the accident, plaintiff did not ask the driver or conductors to stop the shuttle bus or otherwise warn of his intended actions;

10. OEC was aware that children and adults occasionally attempted to improperly and recklessly board a moving shuttle. The job responsibilities of the

conductors on the shuttle bus wagons included watching out for children attempting to board the shuttle while it was moving;

11.   Out of approximately fourteen thousand incidents which required first-aid for the period of 1980–1983, forty-eight were related to shuttle buses.   The number of patrons seen for shuttle-bus-related incidents were eleven for 1980, sixteen for 1981, twelve for 1982, and nine for 1983;

12.   The number of shuttle bus riders in 1982 and 1983 was approximately sixty-four thousand each year.

## CONCLUSIONS OF LAW

■   Plaintiff's claim for a right to relief sets forth an action sounding in negligence.   In a claim predicated on negligence, plaintiff has the burden of proving by a preponderance of the evidence the existence of a duty, the breach of that duty, and injury resulting proximately therefrom.   *Strother v. Hutchinson* (1981), 67 Ohio St.2d 282, 21 O.O.3d 177, 423 N.E.2d 467.

■   Under the present facts and circumstances, OEC, as an owner and occupier of premises, owed plaintiff a duty while on its premises to exercise ordinary or reasonable care to avoid an unreasonable risk of harm from activities on the premises.   The amount of care or standard of conduct required is that which an ordinary careful and prudent person would exercise under the same or similar circumstances.   *Di Gildo v. Caponi* (1969), 18 Ohio St.2d 125, 127, 47 O.O.2d 282, 283, 247 N.E.2d 732, 734.

■   What constitutes ordinary care necessarily varies with the facts and circumstances of each particular case.   *Drew v. Gross* (1925), 112 Ohio St. 485, 491, 147 N.E. 757, 759.   The amount of care required to discharge a duty owed to a child or youthful person in general is necessarily greater than that required to discharge a duty owed to an adult under the same circumstances.   *Di Gildo v. Caponi*, 18 Ohio St.2d at 127, 47 O.O.2d at 283, 247 N.E.2d at 734; *Sargent v. United Transp. Co.* (1978), 56 Ohio App.2d 159, 10 O.O.3d 180, 381 N.E.2d 1331. Children of tender years, and youthful persons in general, are entitled to a degree of care proportioned to their inability to foresee and avoid the perils that they may encounter.   *Di Gildo v. Caponi*, 18 Ohio St.2d at 127, 47 O.O.2d at 283, 247 N.E.2d at 734.   What may be ordinary care to avoid injury to an adult may not be ordinary care to avoid injury to a child.   *Id.* at 128, 47 O.O.2d at 284, 247 N.E.2d at 734.

■   In his complaint, plaintiff first alleges that OEC, by and through its employees, negligently operated the shuttle bus which proximately caused his injuries.   Plaintiff asserts that OEC was under a duty to be on the alert for

children attempting to board the shuttle bus while it was moving. Plaintiff further asserts that OEC breached its duty of care under the circumstances by failing to observe plaintiff's approach to the moving shuttle bus and attempt to board, and for failing to prevent plaintiff from improperly boarding, through verbal intervention or by stopping the shuttle bus.

The court finds that plaintiff observed the moving shuttle bus approximately one hundred feet away and then slowly jogged toward it. Once plaintiff reached the area directly adjacent to the moving shuttle bus, he began to walk along side it approximately an arm's length away. Plaintiff was not discernable from a crowd which was walking in the area next to the shuttle bus. Plaintiff did not ask the driver or the conductors to stop the shuttle bus and did not act in a manner which would reasonably indicate that he was about to attempt to board the shuttle bus while it was moving. Plaintiff simply jumped onto the moving shuttle bus without warning.

Although OEC was aware that children may occasionally attempt to improperly board a moving shuttle bus, it could not reasonably anticipate that plaintiff, a minor child, would attempt to board the shuttle bus on August 13, 1983. OEC was under a duty to exercise ordinary care under the circumstances and is not an insurer of plaintiff's safety. *Englehardt v. Philipps* (1939), 136 Ohio St. 73, 77, 15 O.O. 581, 582–583, 23 N.E.2d 829, 831.

The court finds that plaintiff failed to prove by a preponderance of the evidence that the conductors, under the circumstances, should have seen plaintiff's attempt to board the moving shuttle bus. The court finds that, under all the facts and circumstances, the conductors did not see, and in the exercise of ordinary care could not have seen, plaintiff in time to avoid the injury. *Boomershine v. Rice* (1960), 114 Ohio App. 267, 19 O.O.2d 168, 181 N.E.2d 723. Therefore, the court finds that plaintiff failed to prove by a preponderance of the evidence that OEC breached its duty of care to plaintiff as a minor child when it operated the shuttle bus on August 13, 1983.

■ Second, plaintiff alleges that OEC was negligent in the hiring and training of the tractor driver and shuttle bus wagon conductors. More specifically, plaintiff alleges that OEC was negligent in training the conductors how to eliminate or control improper boarding.

The court finds that the conductors and the tractor driver attended an orientation upon employment that emphasized the safety policies and procedures regarding fair patrons. Additionally, the driver and the conductors received individual training regarding the safety precautions involved with the operation of the shuttle bus.

The conductors were instructed to be cognizant of the fact that children and adults may occasionally attempt to improperly board a moving shuttle bus. The conductors were instructed to verbally warn individuals against attempting to improperly board a moving shuttle bus when possible. Alternatively, the conductors were instructed to signal the driver to stop the shuttle bus, when feasible.

The court finds that plaintiff failed to prove by a preponderance of the evidence that OEC negligently hired the individual shuttle bus employees at issue. Furthermore, the court finds that plaintiff failed to prove by a preponderance of the evidence that OEC negligently trained the shuttle bus conductors or its driver.

Last, plaintiff alleges that OEC negligently designed, manufactured, and maintained the shuttle bus wagons at issue. Plaintiff asserts that the design made it unsafe for children who were boarding the shuttle bus while it was moving. Plaintiff further asserts that OEC was negligent for failing to install handrailings on the shuttle bus wagons.

The court finds that plaintiff failed to prove by a preponderance of the competent and credible evidence that OEC deviated from any known industry safety standards regarding the design, manufacture, and maintenance of the shuttle bus wagons. Therefore, the court finds that plaintiff failed to carry his burden regarding the negligent design, manufacture, and maintenance of the shuttle bus wagons.

In an action based on negligence, the issue of contributory negligence does not arise unless the issue of negligence on the part of the defendant is first found adverse to the defendant. *Bush v. Harvey Transfer Co.* (1946), 146 Ohio St. 657, 667, 33 O.O. 154, 158, 67 N.E.2d 851, 856. The plaintiff's negligence may be the sole proximate cause of the injury, but it is not in such case contributory negligence. *Cincinnati Traction Comp. v. Forrest* (1905), 73 Ohio St. 1, 5, 75 N.E. 818, 819. As a result, Ohio's comparative negligence statute, R.C. 2315.19, is not triggered in this case due to the aforementioned finding that plaintiff failed to prove actionable negligence on the part of OEC.

Nonetheless, plaintiff has a duty to exercise ordinary care for his own safety. *Cleveland Rolling–Mill Co. v. Corrigan* (1889), 46 Ohio St. 283, 290, 20 N.E. 466, 469; *Cleveland, Cincinnati, Chicago & St. Louis Ry. Co. v. Grambo* (1921), 103 Ohio St. 471, 134 N.E. 648; *Sidle v. Humphrey* (1968), 13 Ohio St.2d 45, 42 O.O.2d 96, 233 N.E.2d 589; *Grossnickle v. Germantown* (1965), 3 Ohio St.2d 96, 32 O.O.2d 65, 209 N.E.2d 442. Plaintiff's practical capabilities for self-protection under the particular circumstances must be considered in determining whether he exercised due care for his own safety. Children are not chargeable with the same care as adults and are required to exercise merely that degree of

care which children of the same age, education, and experience with ordinary-care and prudence are accustomed to exercise under the same or similar circumstances. *Cleveland Rolling–Mill Co. v. Corrigan,* 46 Ohio St. at 290, 20 N.E. at 469; *Grambo,* 103 Ohio St. at 476, 134 N.E. at 650; *Mazza v. Greenstein* (1948), 82 Ohio App. 145, 152, 50 Ohio Law Abs. 545, 551, 37 O.O. 518, 520–521, 80 N.E.2d 216, 220.

As previously stated, plaintiff was eleven years old at the time of this accident. Plaintiff performed above-average in school and was experienced with the dangers associated with motor vehicles. The court finds that under the circumstances, plaintiff acted unreasonably for a child of the same age, education, and experience, and, therefore, breached this duty of care towards himself when he attempted to board a moving shuttle bus. A child of similar age, education, and experience as plaintiff would, or should, be aware of the risks associated with such actions and, therefore, the court finds that plaintiff did not exercise that degree of care required of him. In addition, the court finds that plaintiff's action of boarding a moving shuttle bus was the sole proximate cause of his injuries.

In sum, the court finds that plaintiff failed to prove by a preponderance of the evidence that OEC breached its duty of care to plaintiff, a minor child, and therefore failed to prove actionable negligence. The court further finds that plaintiff's own actions were the sole proximate cause of his injuries. Accordingly, judgment is hereby rendered in favor of defendants.

*Judgment for defendants.*