The sole question before this court is whether the Court of Appeals erred in setting aside the directed verdict and judgment in favor of the defendant, and in remanding the case to the Common Pleas Court for a new trial, on the ground that the plaintiff had introduced sufficient evidence of a negligent act or omission on the part of the defendant to warrant a submission of the case to the jury.
It must be conceded that if, after giving plaintiff's evidence the most favorable construction in his favor, reasonable minds could come to but one conclusion and that conclusion was adverse to the plaintiff, a verdict should be directed against him as was done in this case; but if, on the other hand, under such consideration of the evidence reasonable minds might differ as to whether the defendant was negligent as charged, which was the issue in this case, then the trial court erred and the judgment of the Court of Appeals must be affirmed. Hamden Lodge v. Ohio Fuel Gas Co., 127 Ohio St. 469,189 N.E. 246. This problem must be *Page 77 
solved by a consideration of the facts proven, and of the law applicable thereto.
In considering the duty of the owner of premises to persons who may enter thereon, the law classifies such persons as trespassers, licensees and invitees. Invitees are those who are invited to come upon the premises, either expressly or impliedly. Inasmuch as the plaintiff in this case came upon the defendant's premises for the mutual benefit of both of them, he was clearly an invitee of the defendant. 29 Ohio Jurisprudence, 464, Section 60.
The rule is that an owner or occupier of lands or premises is liable in damages to those who, using due care for their own safety, come thereon at his invitation or inducement expressly or impliedly given on any business to be transacted with or permitted by him, for an injury occasioned by the unsafe condition of the premises, which is known to him and not to them, and which he negligently has suffered to exist. 29 Ohio Jurisprudence, 466, Section 61; Cincinnati Base Ball Club Co.
v. Eno, 112 Ohio St. 175, 147 N.E. 86; Thornton, Admx., v.Maine State Agricultural Society, 97 Me. 108, 53 A. 979;Thompson v. Lowell, L. H. St. Ry. Co., 170 Mass. 577,49 N.E. 913, 64 Am. St. Rep., 323, 40 L.R.A., 345.
In discussing the duty or obligation of the defendant we will first generalize, and later apply the rule to the circumstances of this case including the fact that the plaintiff was not an adult person. The mere ownership of premises does not render the owner liable for injuries sustained by persons who have entered thereon; and the owner is not an insurer of such persons, even when he has invited them to enter. Nor is there any presumption of negligence on the part of the owner from the fact that an injury has been sustained by one while rightfully upon the premises. No liability may be cast upon the owner of premises to which members of the public have been invited for purposes *Page 78 
of amusement, unless such owner fails to provide grounds, equipment or instrumentalities reasonably safe for the purpose for which they are intended to be used and are used, and such as are generally provided for similar places of amusement. The basis of liability in such case is the owner's superior knowledge of existing dangers or perils to persons going upon the property. It is only when there are perils or dangers known to the owner and not known to the person injured that liability may be established and recovery permitted. 20 Ruling Case Law, 56, Section 52.
Legal liability for negligence is based upon conduct involving unreasonable risk to another which must be established by affirmative evidence tending to show that such conduct falls below the standard represented by the conduct of reasonable men under the same or similar circumstances. Moreover, in determining whether the defendant should recognize the risks which are involved in his conduct as being unreasonable, only those circumstances which the defendant perceives or should perceive at the time he acts or fails to act are to be considered. Until specific conduct involving such unreasonable risk to the plaintiff is made manifest by some evidence, there is no issue to submit to the jury.
The specific question here involved is whether the defendant set up an unreasonable risk as to the plaintiff by maintaining a diving tower, the platform of which was slippery when wet. Similar questions have frequently been before the courts involving the risks incident to the use of areas and surfaces upon which persons are invited to go while such areas or surfaces are in a slippery condition because of the presence of rain or other natural forms of moisture. These cases are distinguishable from others in which the negligence charged relates to some extraneous substance which has been placed upon or allowed to accumulate upon commercial areas frequented by pedestrians, *Page 79 
causing such areas to become slippery and dangerous (F. W.Woolworth Co. v. Kinney, 121 Ohio St. 462, 169 N.E. 562; 29 Ohio Jurisprudence, 603, Section 131); and from cases where there are hidden or concealed dangers (Lake Brady Co. v.Krutel, Admx., 123 Ohio St. 570, 176 N.E. 226).
Because of the impracticability of avoiding the presence of moisture on such commercial surfaces and areas as commonly used and maintained, especially when located out of doors or within the entrances of building structures, the law generally declines to fix liability against those creating or maintaining such surfaces or areas in favor of those who slip and fall thereon.
In the case of the S. S. Kresge Co. v. Fader, 116 Ohio St. 718, 158 N.E. 174, 58 A. L. R., 132, this court held that where, during a rainstorm, water was blown into the front of a storeroom, and incoming shoppers during such rainstorm carried water on their feet and umbrellas upon the floor of the storeroom, causing the floor in the front of such storeroom to become slippery, such situation would not give rise to a cause of action against the owner or lessee of the storeroom in favor of the patron who slipped or fell on the wet floor and was injured by such fall. In this case the defendant offered no evidence. The verdict and judgment in favor of the plaintiff was affirmed by the Court of Appeals. This court reversed and rendered final judgment in favor of the defendant below. The court, speaking through Judge Kinkade, says:
"There was no evidence in the case that the Kresge Company did anything or omitted to do anything which storekeepers of ordinary care and prudence generally, under similar circumstances, omit to do or do for the protection of their patrons. * * * Everybody knows that, when people are entering any building when it is raining, they will carry some moisture on their feet, which will render the floor near the door on the inside *Page 80 
damp to some extent, and every one knows that a damp floor is likely to be a little more slippery than a dry floor. * * * It is not the duty of persons in control of such buildings to keep a large force of moppers to mop up the rain as it falls or flows in, or is carried in by wet feet or clothing or umbrellas, for several very good reasons, all so obvious that it is wholly unnecessary to mention them here in detail. * * * The trial court should have granted the motions of counsel for the Kresge Company for a directed verdict in its favor."
See also J. C. Penny Co., Inc., v. Robison, 128 Ohio St. 626, 193 N.E. 401; Cleveland Athletic Association Co. v.Bending, 129 Ohio St. 152, 194 N.E. 6; 29 Ohio Jurisprudence, 602, Section 130; Cornwell v. S. S. Kresge Co., 112 W. Va. 237, 164 S.E. 156; Miller v. Gimbel Bros., 262 N.Y. 107,186 N.E. 410; Shumaker v. Charada Investment Co., 183 Wn. 521,49 P.2d 44.
In the case at bar, there was no inherent defect in the tower or platform which caused the plaintiff to fall; the structure was static so far as its use was concerned; the platform was rough, not smooth, although slippery when wet. Complaint is made that the platform was not covered with matting or some abrasive substance. But, while not an exclusive test, there was no evidence that it was different in structure from others in common use for the same purpose, although it was shown that a diving board at the pool, not in a static position when in use, was covered with sand and burlap; there was no evidence that other accidents had occurred as a result of the use of the tower, or that the plaintiff had ever experienced difficulty in using it, although it must have been wet on other occasions, as all such platforms are wet when in use; and finally, while there was evidence that the plaintiff slipped, there was no direct evidence that his slipping was, in fact, due to a condition of the platform. *Page 81 
As was said by this court in the case of J. C. Penny Co.,Inc., v. Robison, supra, "In an action for personal injury * * * predicated upon the alleged negligence of the storekeeper in oiling and maintaining a floor * * * in a dangerous condition, it is not enough to produce testimony showing that the customer slipped and fell on an oiled floor in such storeroom. There must be testimony tending to show that some negligent act or omission of the storekeeper caused the customer to slip."
This position is supported by cases in other states involving accidents in connection with swimming pools. In the case ofBeck v. Broad Channel Bathing Park, 255 N.Y. 641,175 N.E. 350, the defendant maintained a public bathing pool in connection with which there was a ladder or a flight of steps leading to a platform. There were no hand rails or guards to prevent persons from falling. Plaintiff, while attempting to ascend the steps which were wet, slipped and fell, sustaining injuries. The court affirmed a judgment of dismissal by the trial court.
While children are not chargeable with the same amount of care as persons of mature years, they are required to exercise ordinary care to avoid injury to themselves, such care as applied to them being that care which children of like age, education, experience, and ordinary prudence are accustomed to exercise under the same or similar circumstances.Cleveland, Cincinnati, Chicago St. Louis Ry. Co. v. Grambo,Sr., Admr., 103 Ohio St. 471, 134 N.E. 648, 20 A. L. R., 1214; Rolling Mill Co. v. Corrigan, 46 Ohio St. 283, 290,20 N.E. 466, 15 Am. St. Rep., 596, 3 L.R.A., 385. It is true, as claimed by the plaintiff, that contributory negligence is not an issue in this case, but the doctrine of assumed risk is in the case as applied to the plaintiff, considering his age, education and experience. Where the nature and extent of the risk are fully appreciated and voluntarily incurred, *Page 82 
there is assumption of risk. Hunn v. Windsor Hotel Co., 119 W. Va. 215, 193 S.E. 57.
If one is of mature age, or of sufficient age to know and appreciate the danger that attends his act, he cannot complain of an injury sustained by reason of a risk voluntarily assumed. He cannot go into a place of danger which he appreciates and understands, and recover if he is injured thereby. The conduct of a child "is to be judged by the standard of behaviour to be expected from a child of like age, intelligence and experience. A child may be so young as to be manifestly incapable of exercising any of those qualities of attention, intelligence and judgment which are necessary to enable him to perceive a risk and to realize its unreasonable character. On the other hand, it is obvious that a child who has not yet attained his majority may be as capable as an adult of exercising the qualities necessary to the perception of a risk and the realization of its unreasonable character." 2 Restatement of Law of Torts, 743.
Generally speaking, it may be assumed that a person of whatever age is able to appreciate the obvious risks incident to any sport or activity in which he may be able to engage with intelligence and proficiency and must act accordingly. If a child is able to play baseball capably, he must know that there is danger of being hit with ball or bat; if he is able to engage proficiently in the game of football, he must know that in playing the game there will occur violent physical contacts which may result in injury to him; if he is a proficient swimmer and diver, he must know of the danger of drowning and the danger of harm incidental to the use of diving apparatus.Murphy, an Infant, v. Steeplechase Amusement Co., Inc.,250 N.Y., 479, 166 N.E. 173. That the plaintiff in the instant case knew of the condition of the tower platform in question is shown by the fact that he testified fully upon that subject. Since the plaintiff in this case was shown to be a *Page 83 
proficient swimmer and diver and had had much experience in the use of the swimming pool and its diving apparatus, can it be said that he was so immature that he could not appreciate the insecurity of standing or walking upon or diving from a platform which was obviously slippery when wet, and that a slip or fall from such platform might result in more or less injury to him? We think the record in this case warrants the conclusion that he had the ability to appreciate this risk. SeeTurner v. City of Moberly, 224 Mo., 683, 26 S.W.2d 997;City of Evansville v. Blue, 212 Ind. 130, 8 N.E.2d 224;City of Menard v. Coats (Tex.Civ.App.), 60 S.W.2d 831;Swan v. Riverside Bathing Beach Co., 132 Kan. 61, 294 P. 902.
The court is of opinion that actionable negligence was not proven in the case at bar, and, therefore, the trial court was justified in directing a verdict for the defendant. As has been said by this court in J. C. Penny Co., Inc., v. Robison, supra:
"Under our law it is just as pernicious to submit a case to a jury and permit the jury to speculate with the rights of citizens when no question for the jury is involved, as to deny to a citizen his trial by jury when he has the right."
For the reason that the record discloses no showing of actionable negligence on the part of the defendant, and for the reason that there was an assumption of risk on the part of the plaintiff, the judgment of the Court of Appeals is reversed and that of the Common Pleas Court affirmed.
Judgment reversed.
WEYGANDT, C.J., ZIMMERMAN and MATTHIAS, JJ., concur.
DAY, J., concurs in paragraphs 1, 2, 3 and 5 of the syllabus, but dissent from paragraph 4 of the syllabus and from the judgment.
MYERS, J., not participating. *Page 84