HOLMAN, A Minor, et al., Appellants,

v.

LICKING COUNTY, Appellee, et al.█

[Cite as *Holman v. Licking Cty.* (1995), 107 Ohio App.3d 106.]

Court of Appeals of Ohio,
Fifth District, Licking County.

No. 94–CA–50.

Decided Oct. 6, 1995.

108

*Sellman & Boone* and *Timothy J. Boone; G. Rand Smith Co., L.P.A.,* and *G. Rand Smith,* for appellants.

*David Q. Wigginton,* Licking County Assistant Prosecuting Attorney, for appellee.

---

JOHN W. WISE, Judge.

This lawsuit arises out of an accident that occurred on July 10, 1990. The accident occurred when George Holman, Jr. ("Holman") stopped his bicycle at the bottom of Buck Hill Road. At the same time, Eura Kirkpatrick ("Kirkpatrick") was proceeding south on Licking Valley Road towards the Buck Hill intersection and struck Holman with her truck.

Since Holman was only fourteen and a half years of age at the time of the accident, his parents George Holman, Sr. and Sharon Holman brought a derivative claim for the past and future medical expenses incurred by their son. Holman sued Kirkpatrick on the basis that she negligently operated her motor vehicle. A claim was also brought against appellee Licking County for failure to cut and remove obscuring vegetation and keep Licking Valley Road and its right-of-way open, clear, and free from nuisance.

The trial of this matter commenced on April 18, 1994. The jury returned a verdict in favor of both defendants. After appellants timely filed their notice of appeal, a settlement was entered into by the Estate of Eura Kirkpatrick and appellants. Kirkpatrick died prior to the commencement of this suit for reasons unrelated to the accident; therefore, this appeal is prosecuted only against the remaining defendant, appellee Licking County. Appellants sets forth the following assignments of error on appeal:

"I. The trial court committed prejudicial error by charging the jury on the issue of Licking County's immunity and by failing to follow the clearly applicable and controlling precedents rendered by this and other courts on the issue.

"II. Under Ohio Revised Code § 5579.04 Licking County is liable for failing to trim the foliage located at and near the intersection because it created a safety

hazard, and the trial court committed prejudicial error by failing to instruct the jury regarding this statute.

"III. The trial court committed prejudicial error in its evidentiary rulings by failing to allow the plaintiffs to submit photographic evidence to demonstrate that the visibility at the intersection where the collision occurred would be substantially enhanced by removal of offending trees, brush, weeds and embankment, all of which were within the control of Licking County and all of which combined to cause the intersection to be dangerous.

"IV. The trial court committed prejudicial error in charging the jury that Holman could be found contributorily negligent for being left of center on the intersecting roadway at the time of the collision when there was absolutely no evidence to indicate that Kirkpatrick intended to turn right onto the intersecting roadway.

"V. The trial court committed prejudicial error by failing to charge the jury that the plaintiff as a child of fourteen years of age is presumed to be non-negligent."

## I

■ Appellants claim in their first assignment of error that the trial court erred when it instructed the jury regarding appellee's immunity. The instruction at issue on appeal states:

"A political subdivision such as Licking County is liable for injuries which are caused by its failure to keep public roads in the political subdivision free from nuisance and if it had notice of the dangerous condition. Licking County is immune from any liability in the exercise of its judgment or discretion in determining whether to acquire, or how to use, equipment, supplies, materials, personnel, facilities, and other resources unless it has been proven by a preponderance of the evidence that the judgment or discretion was exercised with a malicious purpose, in bad faith, or in a wanton or reckless manner."

We find that R.C. 2744.02(B)(3) imposes a specific duty upon appellee. This statute provides as follows:

"(3) Except as otherwise provided in section 3746.24 of the Revised Code, political subdivisions are liable for injury, death, or loss to persons or property caused by their failure to keep public roads, highways, streets, avenues, alleys, sidewalks, bridges, aqueducts, viaducts, or public grounds within the political subdivisions open, in repair, and free from nuisance, except that it is a full defense to such liability, when a bridge within a municipal corporation is involved, that the municipal corporation does not have the responsibility for maintaining or inspecting the bridge."

■ This language specifically establishes a duty upon appellee to keep its roadways open, in repair, and free from defects which render the highway unsafe for normal travel. *Scheck v. Licking Cty. Commrs.* (July 18, 1991), Licking App. No. CA–3573, unreported, 1991 WL 148100. In response to this, appellee claims immunity pursuant to R.C. 2744.03(A)(3) and (5). These two sections do not apply to the duty imposed by R.C. 2744.02(B)(3), since there was no judgment of a discretionary nature present. *Scheck* at 5.

■ Therefore, pursuant to *Franks v. Lopez* (1994), 69 Ohio St.3d 345, 632 N.E.2d 502, appellee had a duty to remove the vegetation if it had actual or constructive knowledge of the obstructed view created by the vegetation. This is an issue for the jury to determine. The trial court should not have instructed the jury that appellee was immune from liability if a discretionary decision was involved unless it was proven that appellee's judgment or discretion was exercised with a malicious purpose, in bad faith, or in a wanton or reckless manner, since the decision to keep the roadway clear and free from obstructions is not discretionary in nature. Appellants' first assignment of error is sustained.

## II

In their second assignment of error, appellants claim the trial court erred when it failed to instruct the jury that appellee is liable pursuant to R.C. 5579.04 for failing to trim the foliage located at and near the intersection because it created a safety hazard.

■ The purpose of R.C. 5579.04 appears to be safety-oriented. The removal of dangerous weeds is done to eliminate a safety hazard. R.C. 5579.04(B) places a responsibility upon a board of county commissioners, a board of township trustees, or the street commissioners of a municipal corporation to clear "noxious weeds." Although this responsibility is imposed pursuant to R.C. 5579.04(B), a political subdivision is liable for a breach of that responsibility only when liability is expressly imposed upon the political subdivision by a section of the Revised Code. R.C. 2744.02(B)(5) specifically provides that "[l]iability shall not be construed to exist under another section of the Revised Code merely because a responsibility is imposed upon a political subdivision or because of a general authorization that a political subdivision may sue and be sued." We find that the trial court did not err in denying appellants' request to instruct the jury pursuant to R.C. 5579.04. Appellants' second assignment of error is overruled.

## III

In their third assignment of error, appellants claim the trial court erred by failing to allow appellants to submit photographs to demonstrate that the

visibility at the intersection where the collision occurred was substantially enhanced by removal of trees, brush, weeds, and an embankment, which were in the control of appellee.

Appellee claims that this evidence was not admissible pursuant to Evid.R. 407, which prohibits the introduction of subsequent remedial measures, and Evid.R. 403(A), because the pictures are prejudicial and misleading.

The exclusion of this evidence rests within the sound discretion of the trial court. *State v. Sage* (1987), 31 Ohio St.3d 173, 180, 31 OBR 375, 380–381, 510 N.E.2d 343, 348–349; therefore, we will not overrule the trial court's decision to exclude these photographs absent an abuse of discretion. The term "abuse of discretion" implies more than an error of law and judgment, but that the court's attitude is unreasonable, arbitrary, or unconscionable. *State v. Adams* (1980), 62 Ohio St.2d 151, 157–158, 16 O.O.3d 169, 172–173, 404 N.E.2d 144, 148–149.

We do not find that the trial court abused its discretion in excluding the photographs pursuant to Evid.R. 407, since the trial court found the photographs were not introduced to establish ownership. Appellants' third assignment of error is overruled.

## IV

In their fourth assignment of error, appellants claim the trial court erred when it instructed the jury that Holman could be found contributorily negligent for being left of center on the intersecting roadway at the time of the collision, when there was no evidence that Kirkpatrick intended to turn right onto the intersecting roadway. The jury instruction assigned as error by appellants states as follows:

"The defendants also claim that the plaintiff, George Holman, Jr., drove left of center. A bicyclist must not drive on the left side of the roadway when approaching within 100 feet of or traversing any intersection. If the plaintiff did so, this conduct is negligent."

We find that the trial court erred when it instructed the jury that Holman's conduct is contributorily negligent if he rode his bicycle left-of-center, without further including an instruction on proximate cause. The mere fact that Holman may have been left of center at the time of the collision does not automatically establish proximate cause for which Holman can be found contributorily negligent.

The Ohio Supreme Court stated in *Mt. Nebo Baptist Church v. Cleveland Crafts Co.* (1950), 154 Ohio St. 185, 191, 42 O.O. 258, 260–261, 93 N.E.2d 668, 671, that "where the violation of a statute, enacted for the protection of the health

and safety of the public, gives rise to liability for consequent damages, it is required that it be shown not only that there was a violation of such statute but also that such violation was a proximate cause of the injury claimed to have been sustained."

The trial court's instruction to the jury in the case *sub judice* required the jury to find Holman contributorily negligent if they found him to be left of center at the time of the collision.. The instruction made no reference to the element of proximate cause or that the jury had to determine whether the violation of this statute proximately contributed to the injuries sustained by Holman. Appellants' fourth assignment of error is sustained.

### V

In their final assignment of error, appellants claim the trial court erred when it failed to instruct the jury that Holman, as a child of fourteen years of age, was presumed to be non-negligent. The law in Ohio states that children under the age of seven, as a matter of law, are unable to exercise ordinary care for their own safety and therefore are incapable of being contributorily negligent. *Holbrock v. Hamilton Distrib., Inc.* (1967), 11 Ohio St.2d 185, 186, 40 O.O.2d 168, 168–169, 228 N.E.2d 628, 628–629. Children between the ages of seven and fourteen are presumptively incapable of negligence. *Sorriento v. Ohio Dept. of Transp.* (1988), 61 Ohio Misc.2d 251, 257, 577 N.E.2d 167, 171–172.

The trial court did not err when it failed to include the language that a rebuttable presumption existed that Holman was not negligent, since Holman was fourteen and a half years old at the time of the accident. The trial court was correct when it instructed the jury that when they examined the conduct of appellant, the measure of care required by a child was that degree of care which a boy of ordinary care and prudence of the same age, capacity, education, and experience would exercise for his own safety under the same or similar circumstances. The jury must evaluate the evidence presented at trial and determine whether the evidence presented rebutted the presumption that Holman was incapable of negligence. We overrule appellants' fifth assignment of error.

For the foregoing reasons, the judgment of the Licking County Court of Common Pleas is reversed, and the cause is remanded.

*Judgment reversed*
*and cause remanded.*

READER, J., concurs.

HOFFMAN, P.J., concurs in part.

WILLIAM B. HOFFMAN, Presiding Judge, concurring in part.

I concur in the majority's opinion as to its analysis and disposition of appellants' first, third, fourth, and fifth assignments of error.

I further concur in the analysis and disposition reached by the majority concerning the appellants' second assignment of error, which holds that the trial court did not err in refusing to instruct the jury regarding R.C. 5579.04, as requested. Appellants' proposed jury instruction sought to establish liability on the part of the appellee for breach of its duty under R.C. 5579.04 as an independent basis for liability. The majority correctly concludes such an instruction would be improper based on R.C. 2744.02(B)(5). I write separately only to note that I believe it would be proper to instruct the jury that if it found that the appellee breached its duty under R.C. 5579.04, that breach may be considered as evidence in determining whether the appellee breached its specific duty under R.C. 2744.02(B)(3).