STINESPRING et al., Appellants,

v.

NATORP GARDEN STORES, INC., Appellee.

[Cite as *Stinespring v. Natorp Garden Stores, Inc.* (1998), 127 Ohio App.3d 213.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–970326.

Decided April 24, 1998.

*David A. Caldwell,* for appellants.

*Bradley A. Powell,* for appellee.

DOAN, Judge.

Plaintiff-appellant Sarah Stinespring was injured while playing on a jungle gym located on property owned by defendant-appellee, Natorp Garden Stores, Inc. She and her parents, plaintiffs-appellants Wayne Stinespring and Christina Stinespring, filed suit against Natorp, alleging that the jungle gym was unreason-

ably dangerous and that Sarah's injuries were the result of Natorp's negligence. Subsequently, Natorp filed a motion for summary judgment.

The evidentiary materials supporting and opposing summary judgment showed that on May 2, 1996, Sarah, who was then five years old, went with her father and her brother Nicholas, who was then seven years old, to Natorp's Hamilton Avenue store. While Wayne Stinespring went to look at flowers, Sarah and Nicholas went to play on the wooden jungle gym that Natorp provided for the use of its patrons and their children. The jungle gym had a swing and a trapeze, located side by side.

Both children wanted to play on the trapeze, but Sarah got on it first, hanging by her hands. At the same time, she somehow wrapped her leg around the chain of the swing. To get Sarah off the trapeze, Nicholas reached over and tapped one of Sarah's hands, causing her to lose her grip on the bar. When she fell, the chain tightened around her leg, and she became suspended upside down. The chain was made of twisted wire links with sharp ends. It became embedded in her leg and had to be surgically removed, leaving a prominent, disfiguring scar.

The trial court granted Natorp's motion for summary judgment, holding that the Stinesprings failed to present any evidence that the jungle gym was inherently dangerous. It also stated that "[t]he evidence establishes, as a matter of law, that the horseplay between Sarah and Nicholas was the direct cause of Sarah's injury." This appeal followed.

In their sole assignment of error, the Stinesprings state that the trial court erred in granting summary judgment in favor of Natorp. They argue that a merchant who provides playground equipment for the use of customers' children must anticipate that the children may engage in horseplay and the merchant has a duty to provide equipment that is safe under all reasonably foreseeable circumstances. They further argue that a swing set equipped with metal chains with wire links sharp enough to severely lacerate a child's leg is inherently dangerous. We find this assignment of error to be well taken, although not entirely for the reasons stated by the Stinesprings.

Summary judgment is appropriate if (1) there is no issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his or her favor. *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 74, 375 N.E.2d 46, 47. In *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 662 N.E.2d 264, the Ohio Supreme Court outlined the respective burdens on the party moving for summary judgment and the nonmoving party:

"[W]e hold that a party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." *Id.* at 293, 662 N.E.2d at 274.

■ The moving party bears its burden even on issues on which the plaintiffs would have the burden of proof should the case go to trial. *Id.* at 294–95, 662 N.E.2d at 274–275. Consequently, merely alleging that the nonmoving party lacks evidence on an issue on which it would bear the burden of proof at trial does not satisfy the moving party's obligation. Further, until the moving party meets its burden, the nonmoving party is under no corresponding duty to present evidence showing that there is a material issue of fact for trial. *Vahila v. Hall* (1997), 77 Ohio St.3d 421, 430, 674 N.E.2d 1164, 1171; *Boutsicaris v. Akron Gen. Med. Ctr.* (May 14, 1997), Summit App. No. 17941, unreported, 1997 WL 270552.

■■ A business owner owes business invitees a duty of ordinary care, which includes the duty to maintain the premises in a reasonably safe condition and to warn an invitee of latent or concealed defects of which the owner has or should have knowledge. *Perry v. Eastgreen Realty Co.* (1978), 53 Ohio St.2d 51, 52–53, 7 O.O.3d 130, 130–131, 372 N.E.2d 335, 336; *Kubiszak v. Rini's Supermarket* (1991), 77 Ohio App.3d 679, 686, 603 N.E.2d 308, 313. While a business owner is not an insurer of the safety of invitees, the duty to exercise reasonable care for their protection " 'is a full one, applicable in all respects and extending to everything that threatens the invitee with an unreasonable risk of harm.' " *Perry, supra,* at 52, 7 O.O.3d at 131, 372 N.E.2d at 336, quoting Prosser, Law of Torts (4 Ed.1971) 392–393. The owner must not only warn an invitee of latent defects of which the owner knows, but must also inspect the premises to discover possible dangerous conditions of which the owner does not know, and take reasonable precautions to protect the invitee from dangers that are foreseeable. *Id.,* 53 Ohio St.2d at 52, 7 O.O.3d at 130–131, 372 N.E.2d at 336.

The amount of care required to discharge a duty owed to a child of tender years is necessarily greater than that required to discharge a duty to an adult. *Di Gildo v. Caponi* (1969), 18 Ohio St.2d 125, 47 O.O.2d 282, 247 N.E.2d 732, paragraph one of the syllabus. "Children of tender years, and youthful persons generally, are entitled to a degree of care proportioned to their inability to foresee and avoid the perils that they may encounter[.]" *Id.* at 127, 47 O.O.2d at 283, 247 N.E.2d at 734, quoting 39 Ohio Jurisprudence 2d 512, Negligence, Section 21.

Natorp argues and the trial court held that the Stinesprings failed to meet their burden to prove that the jungle gym was unreasonably dangerous and that Natorp knew or should have known about that condition. But Natorp, as the moving party, bore the burden to point out evidentiary materials in the record that demonstrated the absence of a genuine issue of material fact as to those issues. The Stinesprings, as the nonmoving parties, had no burden to prove anything at that point.

The record contains the depositions of Sarah, Nicholas, and Wayne Stinespring, describing the events before and after the accident and Sarah's medical treatment. It also contains an affidavit from Wayne Stinespring, stating that to his knowledge, on the swing set he has at his home and on other swing sets that he has seen, the chains are encased in plastic to prevent injury. These were the only evidentiary materials presented. Nothing in the record demonstrates the absence of a genuine material fact as to whether the jungle gym was unreasonably dangerous or whether Natorp knew or should have known about the dangerous condition by conducting adequate inspections. It did not present the affidavits or depositions of any of its employees or any expert testimony regarding jungle gyms. See *Bowins v. Euclid Gen. Hosp. Assn.* (1984), 20 Ohio App.3d 29, 31, 20 OBR 31, 32–33, 484 N.E.2d 203, 206. It simply set out the conclusory assertion that the Stinesprings had failed to prove their case, which is insufficient to support a motion for summary judgment. See *Kulch v. Structural Fibers, Inc.* (1997), 78 Ohio St.3d 134, 146–147, 677 N.E.2d 308, 318–319, certiorari denied (1997), 522 U.S. 1008, 118 S.Ct. 586, 139 L.Ed.2d 423. Therefore, we hold that the trial court erred in granting summary judgment in its favor.

Additionally, the trial court concluded that the children's horseplay was the direct cause of Sarah's injury and that Natorp had no knowledge, actual or constructive, that the children were engaged in horseplay on the jungle gym. We find this reasoning to be erroneous. What the trial court did, in the guise of causation, was to find that the children themselves were negligent. But children under seven years of age cannot exercise ordinary care for their safety and they are incapable of negligence as a matter of law. *DeLuca v. Bowden* (1975), 42

Ohio St.2d 392, 71 O.O.2d 375, 329 N.E.2d 109, paragraph one of the syllabus; *Holman v. Licking Cty.* (1995), 107 Ohio App.3d 106, 113, 667 N.E.2d 1239, 1243–1244. Consequently, Sarah, who was age five at the time of the accident, could not have been contributorily negligent. Even if the actions of seven-year-old Nicholas could be imputed to Sarah, nothing in the record exists to overcome the presumption that children between the ages of seven and fourteen are incapable of negligence. *Holman, supra,* at 113, 667 N.E.2d at 1244. Further, we cannot say as a matter of law that it is not foreseeable that young children will engage in horseplay on jungle gyms without regard for their own safety. See *Ziehm v. Vale* (1918), 98 Ohio St. 306, 120 N.E. 702; *King v. Cipriani* (App.1935), 23 Ohio Law Abs. 257, 8 O.O. 1, 32 N.E.2d 446.

■■■ Natorp and the trial court relied upon *Englehardt v. Philipps* (1939), 136 Ohio St. 73, 15 O.O. 581, 23 N.E.2d 829, in which the Ohio Supreme Court held that children "are required to exercise ordinary care to avoid injury to themselves, such care as applied to them being that care which children of like age, education, experience, and ordinary prudence are accustomed to exercise under the same or similar circumstances." *Id.* at 81–82, 15 O.O. at 584, 23 N.E.2d at 833. The court stated that contributory negligence was not involved in that case but that the doctrine of assumption of the risk could be applied. *Englehardt,* however, involved children between eleven and twelve years of age. We note that the court also stated that "[a] child may be so young as to be manifestly incapable of exercising any of those qualities of attention, intelligence and judgment which are necessary to enable him to perceive a risk and to realize its unreasonable character." *Id.* at 82, 15 O.O. at 585, 23 N.E.2d at 833. In this case, nothing in the record demonstrates that five-year-old Sarah and seven-year-old Nicholas "fully appreciated and voluntarily incurred" a risk. *Id.* Consequently, we cannot say as a matter of law that they assumed any risk and we do not find *Englehardt* to be dispositive.

Accordingly, we hold that Natorp failed to meet its burden to show that no material issues of fact exist for trial and that the trial court improperly granted summary judgment in its favor. We reverse the decision of the trial court granting Natorp's motion for summary judgment, and we remand the case for further proceedings.

*Judgment reversed*
*and cause remanded.*

PAINTER, P.J., and GORMAN, J, concur.