JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Plaintiffs-appellants, Michael B. Green and Gary D. Green, filed a legal malpractice suit against defendants-appellees, Stephen A. Bailey, Martin, Bailey MacDonald, and Lindhorst and Dreidame, L.P.A. The trial court granted summary judgment in favor of appellees, reasoning that appellants had waived their malpractice claim by settling the underlying suit and by failing to appeal the adverse judgment.
In their sole assignment of error, appellants contend that the trial court erred in granting summary judgment in favor of appellees. They contend that the Ohio Supreme Court's decision inVahila v. Hall (1997), 77 Ohio St.3d 421, 674 N.E.2d 1164, supercedes the cases the trial court relied upon in entering its judgment. We agree.
In Vahila, the court specifically stated that it rejected "any finding that the element of causation in the context of a legal malpractice action can be replaced or supplemented with a rule of thumb requiring that a plaintiff, in order to establish damage or loss, prove in every instance that he or she would have been successful in the underlying matter(s) giving rise to the complaint." Id. at 426, 674 N.E.2d at 1168-1169. Instead, the plaintiff must prove a causal connection between the conduct complained of and the resulting damage or loss. Id. at 427-428,674 N.E.2d at 1170.
Relying on Vahila, this court reversed a decision of the trial court granting summary judgment in a legal malpractice action. We held that the plaintiff's settlement of the underlying action did not, as a matter of law, extinguish his legal malpractice claim. We stated that the plaintiff had submitted sufficient evidence to satisfy the elements of causation and loss, and that damage or loss "may include the expense of rectifying an attorney's failure, even when that rectification is ultimately achieved through a settlement." Pschesang v. Schaefer (Aug. 11, 2000), Hamilton App. No. C-990702, unreported. Accord Gibson v. Westfall (Oct. 7, 1999), Cuyahoga App. Nos. 74628 and 74977, unreported. See, also,DePugh v. Sladoje (1996), 111 Ohio App.3d 675, 676 N.E.2d 1231;Monastra v. D'Amore (1996), 111 Ohio App.3d 296, 676 N.E.2d 132. Consequently, we hold that the trial court erred in granting summary judgment in favor of appellees on the basis that appellants had settled the underlying action.
Additionally, appellants contend that the trial court erred in excluding the affidavit of their expert witness on the basis that it did not meet a threshold standard of reliability as required by Evid.R. 702(C). We agree. A trial court's role in determining whether an expert's testimony is admissible under Evid.R. 702(C) focuses on whether the opinion is based upon scientifically valid principles, not whether the expert's conclusions are correct or whether the testimony satisfies the proponent's burden of proof at trial. Miller v. Bike Athletic Co. (1998), 80 Ohio St.3d 607,687 N.E.2d 735, paragraph one of the syllabus. A court determines reliability by reference to the expert witness's principles and methods, without regard to whether the court finds the witness's conclusions themselves persuasive or correct. McCubbin v.Michigan Ladder Co. (1996), 112 Ohio App.3d 639, 645,679 N.E.2d 1142, 1146.
In this case, the trial court went beyond its limited "gatekeeper function" and ruled upon the affidavit's credibility, not its reliability. See Franks v. Lopez (1997), 121 Ohio App.3d 523,528-530, 700 N.E.2d 385, 389-390, affirmed (1994), 69 Ohio St.3d 345,632 N.E.2d 502; McCubbin, supra, at 644-645,679 N.E.2d at 1145-1146. Appellants' well-qualified expert examined the record in the underlying case and based his opinion on that examination. This case simply does not involve the kind of "junk science' or unproven theory that Evid.R. 702(C) seeks to exclude.Eve v. Johnson (Oct. 30, 1998), Hamilton App. No. C-970957, unreported. Accordingly, we hold that the trial court erred in excluding appellants' expert witness's affidavit.
After reviewing the evidence supporting and opposing the motion for summary judgment, we hold that material issues of fact exist as to: (1) whether appellees owed a duty or obligation to appellants; (2) whether they breached that duty or obligation and failed to conform to the standard required by law; and (3) whether a causal connection existed between the conduct complained of and the resulting damage or loss. See Vahila, supra, syllabus. Consequently, the trial court erred in granting appellees' motion for summary judgment. Id. at 428-429, 674 N.E.2d at 1170-1171;Stinespring v. Natorp Garden Stores, Inc. (1998), 127 Ohio App.3d 213,215-216, 711 N.E.2d 1104, 1106-1107. We, therefore, sustain appellants' assignment of error, reverse the judgment of the trial court and remand the case for further proceedings.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
DOAN, P.J., PAINTER and SHANNON, JJ.
Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.