[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Plaintiff-appellant, Thomas H. Starks, filed a pro se complaint alleging that defendant-appellee, Mike Castrucci Chevrolet-Oldsmobile Sales, Inc., had committed a deceptive act under the Consumer Sales Practices Act. The trial court granted summary judgment in favor of Castrucci.
In his first assignment of error, Starks states that the trial court erred in granting Castrucci's motion for summary judgment. Castrucci presented proper evidence in the form of an affidavit, see Civ.R. 56(C), showing that it did not engage in a deceptive practice as defined in R.C. 1345.02 and Ohio Adm. Code 109:4-3-02 and 109:4-3-16. Consequently, it met its initial burden to show that no genuine issue of material fact existed for trial and that it was entitled to judgment as a matter of law. See Dresher v. Burt (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264,274; Stinespring v. Natorp Garden Stores, Inc. (1998), 127 Ohio App.3d 213,215-216, 711 N.E.2d 1104, 1106.
Starks then failed to meet his reciprocal burden to present evidentiary materials showing that genuine issues of material fact did exist for trial. In fact, he presented no evidentiary materials that met the requirements of Civ.R. 56(C) in response to the Castrucci's motion for summary judgment, instead complaining that he could not reasonably respond to Castrucci's motion and that its supporting affidavit was self-serving. The party opposing a motion for summary judgment may not rest upon his pleadings. Paul v. Uniroyal Plastics Co., Inc. (1988),62 Ohio App.3d 277, 282, 575 N.E.2d 484, 487. Under the circumstances, the trial court did not err in granting summary judgment against Starks. See Dresher, supra, at 293, 662 N.E.2d at 275; Stinespring, supra, at 216, 711 N.E.2d at 1106.
Starks also claims that he was denied his right to pursue discovery. Parties cannot complain on appeal that they were deprived of an adequate opportunity for discovery before the court granted summary judgment against them, when they did not follow the procedures of Civ.R. 56(F).Clark Cty. Solid Waste Mgt. Dist. v. Danis Clarkco. Landfill Co. (1996),109 Ohio App.3d 19, 36, 671 N.E.2d 1034, 1045; R R Plastics, Inc. v.F.E. Mayers Co. (1993), 92 Ohio App.3d 789, 797-798, 637 N.E.2d 332,338. Civ.R. 56(F) requires a request for a continuance to be supported by a valid affidavit. State ex rel. Coulverson v. Ohio Adult Parole Auth. (1991), 62 Ohio St.3d 12, 14, 577 N.E.2d 352, 353. Since Starks did not file the proper affidavit, his argument has no merit.
After reviewing the record, we find no issues of material fact. Construing the evidence most strongly in Starks's favor, we hold that reasonable minds could come to but one conclusion that Castrucci did not engage in a deceptive act in violation of the Consumer Sales Practices Act. Castrucci was entitled to judgment as a matter of law, and the trial court did not err in granting its motion for summary judgment. SeeHarless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, 66,375 N.E.2d 46, 47; Stinespring, supra, at 215, 711 N.E.2d at 1106. Accordingly, we overrule Starks's first assignment of error.
In his second assignment of error, Starks contends that the trial court erred in holding him, a pro se plaintiff, to a standard reserved for attorneys. This court has specifically held that pro se litigants are bound by the same rules and procedures as those litigants who retain counsel. Courts will not accord them greater rights, and they must accept the results of their own mistakes and errors. Meyers v. First Natl. Bankof Cincinnati (1981), 3 Ohio App.3d 209, 210, 444 N.E.2d 412, 413. AccordSecurity Natl. Bank Trust Co. v. Jones (July 6, 2001), Clark App. No. C.A. 2000-CA-59, unreported; Blinsky v. Protain (July 5, 2001), Mahoning App. No. 00 C.A. 80, unreported; Taylor v. Toledo Ohio Police Dept. (Mar. 30, 2001), Lucas App. No. L-00-1376, unreported. Accordingly, we overrule Starks's second assignment of error.
In his third assignment of error, Starks argues that the trial court erred when it ignored evidence he had presented showing that Castrucci had engaged in a deceptive sales act. Civ.R. 56(C) provides that a court may only consider pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of evidence in deciding whether to grant a motion for summary judgment. Starks's "evidence" was not presented by way of an affidavit or by any other means provided for in the rule. See CarrabineConstr. Co. v. Chrysler Realty Corp. (1986), 25 Ohio St.3d 222, 225-226,495 N.E.2d 952, 955; Bowmer v. Dettelbach (1996), 109 Ohio App.3d 680,684, 672 N.E.2d 1081, 1084; Climaco, Seminatore, Delligatti Hollenbaughv. Carter (1995), 100 Ohio App.3d 313, 320-321, 653 N.E.2d 1245, 1250. "Documents submitted in opposition to a motion for summary judgment that are neither sworn, certified, nor authenticated by affidavit have no evidentiary value." Nadel v. Burger King Corp. (1997), 119 Ohio App.3d 578,588, 695 N.E.2d 1185, 1191. Consequently, the trial court did not err in failing to consider documents submitted by Starks, and we overrule his third assignment of error.
In his fourth assignment of error, Starks argues that the trial court erred in determining that no genuine material issues of fact existed. He contends that his version of the facts and Castrucci's version were directly at odds. But, as we have previously stated, Starks failed to support his version of the facts with any proper evidence under Civ.R. 56(C) and (E). Therefore, the trial court did not err in granting summary judgment against him, and we overrule his fourth assignment of error. SeeDresher, supra, at 293, 662 N.E.2d at 274; Stinespring, supra, at 215-216, 711 N.E.2d at 1106.
In his fifth assignment of error, Starks states that the trial court erred when it substituted its own opinion for that of a jury. He contends that because disputed issues of fact existed between the parties, a jury should have decided them. The trial court usurps the jury's function when it weighs the evidence or assesses its credibility. The court in this case did not engage in those activities. Instead, it properly determined that no genuine issues of fact remained for a jury to determine. Paul,supra, at 282, 575 N.E.2d at 487-488. Accordingly, we overrule Starks's fifth assignment of error.
In his sixth assignment of error, Starks contends that the trial court erred in failing to award sanctions for the conduct of Castrucci's attorney. The record does not show that the trial court ever ruled upon Starks's motion for sanctions. Further, Starks's notice of appeal reflects that he has appealed from the court's June 22, 2000, judgment entry granting summary judgment in favor of Castrucci. Starks's motion for sanctions was not filed until after that date, and this court would not have jurisdiction to review an entry deciding that motion even if it were in the record. See Thomas v. Price (1999), 133 Ohio App.3d 585,588-589, 729 N.E.2d 427, 429; Parks v. Baltimore Ohio RR. (1991),77 Ohio App.3d 426, 428-429, 602 N.E.2d 674, 676. Accordingly, we overrule Starks's sixth assignment of error, and we affirm the judgment of the trial court granting Castrucci's motion for summary judgment.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Winkler and Shannon, JJ.
Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.