[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
{¶ 2} Plaintiff-appellant, Thomas H. Starks, appeals the trial court's decision granting summary judgment in favor of defendant-appellee, Globe American Casualty Company, on Starks's claims for bad faith and intentional infliction of emotional distress. We affirm the trial court's judgment.
{¶ 3} Globe had issued an insurance policy covering Starks's vehicle. Starks reported to Globe that the carriage top of his automobile was blown off by the wind while he was driving down the highway. Globe sent an independent appraiser to examine the car. The appraiser sent a report to Globe stating that the top had been cut off and that it had "definately [sic] not been blown off." Based on the appraiser's report, Globe denied the claim.
{¶ 4} Without any further communication with Globe, Starks filed his complaint, seeking actual damages of $2, 236 and other damages in excess of two million dollars. He attached to his complaint documents from two reputable automobile repair businesses. One document stated that the type of carriage top in question was installed with a cut edge. The other stated that "it is entirely possible, if not probable, that Mr. Starks carriage top blew off while he was driving down the road. We see this problem very often in our business." After reviewing these documents, Globe offered Starks $1,500 to settle his claim, which Starks declined.
{¶ 5} In his two assignments of error, Starks argues that the trial court erred in granting summary judgment in favor of Globe. We first note that he contends that, as a pro se litigant, his pleadings should be subject to a less stringent standard than those filed by an attorney. This court has repeatedly held, however, that pro se litigants are not entitled to special consideration and that they are bound by the same rules and procedures as those litigants who retain counsel. Courts should not give them greater rights, and they must accept the results of their own mistakes and errors. Meyers v. First Natl. Bank of Cincinnati
(1981), 3 Ohio App.3d 209, 444 N.E.2d 412; Smith v. Daugherty (Oct. 9, 1991), 1st Dist. No. C-900865.
{¶ 6} An insurer has a duty to act in good faith in the processing and payment of the claims of its insured. A breach of this duty will give rise to a cause of action in tort against the insurer. Staff Builders,Inc. v. Armstrong (1988), 37 Ohio St.3d 298, 525 N.E.2d 783; Hoskins v.Aetna Life Ins. Co. (1983), 6 Ohio St.3d 272, 452 N.E.2d 1315. An insurer fails to exercise good faith when no reasonable justification exists for its failure to pay a claim. Zoppo v. Homestead Ins. Co., 71 Ohio St.3d 552,1994-Ohio-461, 644 N.E.2d 397.
{¶ 7} The undisputed facts show that Globe used an independent appraiser to examine Starks's vehicle. The appraiser personally examined the vehicle, talked to Starks and sent his report to Globe, complete with photographs. Globe reasonably relied upon the appraiser's report, which unequivocally stated that the top had been cut off the vehicle. No evidence exists in the record to show that Globe should not have relied upon the independent appraiser.
{¶ 8} Relying on Zoppo, supra, Starks contends that Globe's investigation was insufficient. However, Zoppo involved a complex fire investigation. This case involved a simple property-damage claim that required no extensive field or laboratory tests. Further, when Globe denied his claim, Starks could have easily have sent the documents he filed with his lawsuit to Globe for its consideration. Instead, he filed a lawsuit seeking millions of dollars in damages.
{¶ 9} We find no issues of material fact. Construing the evidence most strongly in Starks's favor, we hold that reasonable minds could reach but one conclusion that Globe did not deny Starks's claim without reasonable justification. Consequently, Globe was entitled to judgment as a matter of law, and the trial court did not err in granting summary judgment in its favor on Starks's bad-faith claim. See Harless v. WillisDay Warehousing Co. (1978), 54 Ohio St.2d 64, 375 N.E.2d 46; Stinespringv. Natorp Garden Stores, Inc. (1998), 127 Ohio App.3d 213, 711 N.E.2d 1104.
{¶ 10} We turn now to Starks's claim for intentional infliction of emotional distress. To state a claim for intentional infliction of emotional distress, the plaintiff must show that the defendant's conduct was "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Yeager v. Local Union20 (1983), 6 Ohio St.3d 369, 453 N.E.2d 666. Globe's conduct in this case did not, as a matter of law, rise to the extreme and outrageous level necessary for a prima facie case of intentional infliction of emotional distress. See Brose v. Bartlemay (Apr. 16, 1997), 1st Dist. No. C-960423.
{¶ 11} We find no issues of material fact. Construing the evidence most strongly in Starks's favor, we hold that reasonable minds could reach but one conclusion — that Globe's conduct was not so outrageous as to constitute intentional infliction of emotional distress. Consequently, Globe was entitled to judgment as a matter of law, and the trial court did not err in granting summary judgment in favor of Globe on Starks's emotional-distress claim. See Harless, supra;Stinespring, supra; Brose, supra. We, therefore, overrule Starks's assignments of error and affirm the trial court's judgment.
{¶ 12} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter, P.J., Doan and Sundermann, JJ.