{¶ 18} I respectfully dissent from the majority and would reverse the trial court's decision granting summary judgment to the defendant because I do not agree that Marchetti v. Kalish
(1990), 53 Ohio St.3d 95 and Thompson v. McNeill (1990),53 Ohio St.3d 102 control the outcome of this case. I would adopt the reasoning of Evans v. Wills, 10th Dist. No. 01AP-422, 2001-Ohio-8750 and rule that Marchetti and Thompson only apply to cases where the plaintiff and defendant were involved in the same recreational or sports activity.
 {¶ 19} Here, the parties are similar to the parties in Evansv. Wills. In Evans, the plaintiff was walking on a trail in the Metro Park when she was struck by a child bike rider. The court in Evans held the recreational exception to liability did not apply, stating, "Marchetti and Thompson only apply to cases instituted by parties engaged in the same recreational or sports activity. The overwhelming majority of Ohio courts, including this court, have only applied Marchetti to cases where the plaintiff and defendant were involved in the same recreational or sports activity." Id. at 11-12.
 {¶ 20} In the instant case, the plaintiff was roller blading when she was struck by the seven-year-old bike rider. Thus, the issue is not whether the child was reckless, but whether a seven-year-old is capable of negligence. Both parties agree that children between the age of seven and fourteen are presumptively incapable of negligence. Holman v. Licking (1995),107 Ohio App.3d 106, 113; Sorriento v. Ohio Dept. of Transp. (1988),61 Ohio Misc. 251, 257. Consequently, it is a jury question whether the evidence presented, rebutted the presumption that the seven-year-old bike rider was incapable of negligence. In doing so, the jury must consider that "the measure of care required by a child is that degree of care which a [child] of ordinary care and prudence of the same age, capacity, education and experience would exercise * * * under the same or similar circumstances."Holman, supra.
 {¶ 21} I am not persuaded that plaintiff's answer to the question regarding the seven-year-old's behavior ended the factual inquiry. Defendant argues that at the deposition, plaintiff stated she felt defendant operated his bike like any seven year old. It is not clear what she meant. Does it mean he was riding like any seven year old who was acting with care or any seven year old who was acting negligently. Thus, plaintiff's statement does not negate the factual issue of whether defendant was negligent in causing her injury. Accordingly, I would sustain the plaintiff's first assigned error and reverse and remand the case for trial.