JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App. R. 11.1(E) and Loc. R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct. R.Rep.Op. 3(A).
Defendants-appellants, Commercial Office Specialists, Inc., and Earl Sullivan (collectively "COSI"), appeal the trial court's decision granting summary judgment in favor of plaintiff-appellee, Mees Distributors, Inc. ("Mees"), on its complaint for breach of contract. In its sole assignment of error, COSI contends that material issues of fact existed as to whether the parties had actually entered into a contract. We agree and therefore, reverse the trial court's judgment.
Mees presented evidence showing that COSI had ordered a specially fabricated granite bathroom countertop from Mees for a project under construction. Subsequently, a representative from Mees and an independent installer went to the construction site to measure so that Mees could create a template to be used in the shop to cut the countertop to the proper dimensions. At that time, COSI indicated that it wanted four countertops instead of one.
Consequently, the representative from Mees and the installer measured the additional locations for the countertops. Based on its measurements, Mees created four templates to be used by the fabricators to cut the granite to fit the specific locations COSI had designated.
When Mees informed COSI that the countertops were ready to be picked up, it refused to accept them, stating that it had acquired the countertops elsewhere. Mees contended that COSI had never cancelled the order, and that because the countertops were specially fabricated to fit the unique sizes specified by COSI, Mees could not sell them to another customer.
COSI, on the other hand, presented evidence that it had requested proposals from Mees for a granite countertop in the restroom of a building it was constructing. According to COSI, Mees had provided two separate quotes for the supply and installation of the countertop.
Subsequently, COSI informed Mees that the second quote was acceptable, conditioned upon Mees expanding the quote to include countertops for other restrooms in the building. As part of COSI's new request, Earl Sullivan, the president of COSI, specifically stated that the cost of the new quote should be less per countertop than the previous quotes. The new quote was significantly more expensive per countertop than the previous quotes, making it unacceptable to COSI.
COSI also presented evidence that Mees had specifically provided in the new written quote that COSI should call or fax confirmation that the new quote was acceptable. Since the updated quote was not acceptable to COSI, it never confirmed to Mees that it should proceed with the order.
For a valid contract to exist, the parties must have a meeting of the minds, with an offer on one side and an acceptance on the other. Noroskiv. Fallet (1982), 2 Ohio St.3d 77, 442 N.E.2d 1302; Serand Corp. v.Owning the Realty, Inc. (Nov. 1, 1995), 1st Dist. No. C-941010; G.Herschman Architects, Inc. v. Ringco Manufacturing Co., Inc. (May 11, 1995), 8th Dist. No. 67758. R.C. 1302.07(A) provides that "[a] contract for the sale of goods may be made in any manner sufficient to show agreement, including conduct by both parties which recognizes the existence of such a contract." American Bronze Corp. v. Streamway Prod.
(1982), 8 Ohio App.3d 223, 456 N.E.2d 1295; TLG Electronics, Inc. v.Newcome Corp., 10th Dist. No. 01AP-821, 2002-Ohio-882.
Under the circumstances, genuine issues of material fact existed as to whether a meeting of the minds had occurred, with a valid offer and acceptance. See R.C. 1302.09; American Bronze Corp., supra; TLGElectronics, supra; G. Herschman Architects, supra. Therefore, the trial court erred in granting summary judgment in favor of Mees. See Drescherv. Burt, 75 Ohio St.3d 280, 1996-Ohio-107, 662 N.E.2d 264; Stinespringv. Natorp Garden Stores (1998), 127 Ohio App.3d 213, 711 N.E.2d 1104.
Any reliance on R.C. 1302.04 to establish that a contract existed was misplaced. R.C. 1302.04 is a statute of frauds that sets out the requirements of a writing necessary to enforce an oral contact. Whether or not the statute of frauds applies, the burden of persuading the trier of fact that the parties in fact made a contract is unaffected. AmericanBronze Corp., supra; Thompson Printing Machinery Co. v. B.F. GoodrichCo. (C.A.7, 1983), 714 F.2d 744.
Accordingly, we sustain COSI's assignment of error. We reverse the trial court's entry of summary judgment for Mees and remand the case for further proceedings consistent with this entry.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App. R. 27. Costs shall be taxed under App. R. 24.
Doan, P.J., Gorman and Sundermann, JJ.