[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ENTRY GRANTING RECONSIDERATION {¶ 1} This cause came on to be considered upon the application of the defendant-appellee, Fifth Third Bank, for reconsideration of this court's opinion dated February 4, 2005. In our opinion, we reversed the trial court's decision granting Fifth Third's motion for summary judgment on plaintiff-appellant, Goomtie Ramudit's cause of action for wrongful discharge. We held that because the motion was filed on September 15, 2003 and the entry granting the motion was journalized nine days later, on September 24, 2003, Ramudit, was not given adequate time to respond.
 {¶ 2} Fifth Third points out in its motion for reconsideration that the entry was actually journalized on November 24, 2003, not September 24, as we had stated. Our review of the record shows that Fifth Third's assertion is correct. Consequently, Ramudit had adequate time to respond to Fifth Third's motion and our basis for reversing the judgment was erroneous. See Hooten v. Safe Auto Ins. Co., 100 Ohio St.3d 8,2003-Ohio-4829, 795 N.E.2d 648.
 {¶ 3} Further, our review of the record shows that no issues of material fact existed on the issue of wrongful discharge. The record did not show that Ramudit was terminated from her employment in violation of a clear public policy. See Painter v. Graley, 70 Ohio St.3d 377,1994-Ohio-334, 639 N.E.2d 51; Hale v. Volunteers of Amer.,158 Ohio App.3d 415, 2004-Ohio-4508, 816 N.E.2d 259; Dolan v. St.Mary's Memorial Home, 153 Ohio App.3d 441, 2003-Ohio-3383,794 N.E.2d 716. Fifth Third was entitled to judgment as a matter of law on that cause of action. Accordingly, we now affirm the trial court's granting of Fifth Third's motion for summary judgment as to that cause of action. See Stinespring v. Natorp. Garden Stores, Inc. (1998),127 Ohio App.3d 213, 711 N.E.2d 1104.
 {¶ 4} The Court, upon consideration thereof, finds that the application is well taken and is granted. We amend our previous opinion to overrule Ramudit's fourth assignment of error and affirm the trial court's decision granting summary judgment in favor of Fifth Third on her cause of action for wrongful discharge. The opinion should reflect that the trial court's judgment as a whole is affirmed in part, reversed in part, and the cause remanded for further proceedings consistent with our opinion as amended.